NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTHER DIAZ ARGUETA, | No. 16-16682 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01110-SKO |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted November 15, 2017**

Before: CANBY, TROTT, and GRABER, Circuit Judges

Esther Diaz Argueta appeals the district court's decision affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge did not err in finding that Argueta's work as a sedentary produce sorter, following an on-the-job injury, was past relevant work for purposes of step four of the sequential analysis. *See* 20 C.F.R. § 404.1520(f); *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (holding that at step four the claimant bears the burden of proving that she cannot perform her past relevant work). Argueta's sedentary sorter work from February to May 2010 met the three requirements for past relevant work. It was performed within 15 years of the ALJ's decision, which was filed on December 13, 2013. *See* 20 C.F.R. § 404.1560(b)(1). The job, which the vocational expert testified was unskilled work, with a special vocational level ("SVP") of 2, lasted long enough for Argueta to learn how to do it. *See* Social Security Ruling 00-4p (stating that an unskilled occupation, with an SVP of 1 or 2, can be learned within 30 days). In addition, Argueta's earnings record shows that she was paid more than the $1,000-per-month threshold for substantial gainful activity for 2010 when averaged over the five months that she worked. *See* 20 C.F.R. § 404.1574(b)(2) (explaining calculation of threshold); Social Security Ruling 83-85 (explaining that earnings from seasonal work are averaged over the actual period of work involved).

Argueta argues that her sedentary sorter work should be considered an unsuccessful work attempt, rather than past relevant work. The district court

2

correctly concluded that Argueta's work was substantial gainful activity and was not an unsuccessful work attempt because it did not end due to the claimant's impairments or because of the removal of a special condition that enabled her to work. *See* 20 C.F.R. § 404.1574; *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 692 (9th Cir. 1999). When the ALJ asked, "So if the season had still been going on and there were still mandarins to sort, you would have been able to continue doing that with the chair?" Argueta replied, "Yes, Your Honor." Accordingly, substantial evidence supports the ALJ's finding that the job ended due to a layoff. *See Molina*, 674 F.3d at 1110. The district court also correctly noted that an unsuccessful work attempt cannot logically take place prior to the alleged onset of a claimant's disability. Social Security Ruling states: "The UWA [unsuccessful work attempt] concept was designed to provide us an equitable means, in making SGA [substantial gainful activity] determinations, to disregard relatively brief work attempts that do not demonstrate sustained SGA. We will not consider work we determine to be an UWA as substantial gainful activity when we determine if you are under a disability or when we determine if your disability has ceased." Argueta, however, did not claim that she was under a disability until after she stopped working in May 2010.

     **AFFIRMED.**

3