NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKE TSOSIE,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>        Defendant-Appellee. | No.   15-17330<br><br>D.C. No. 3:15-cv-08044-DKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David K. Duncan, Magistrate Judge, Presiding

Submitted August 17, 2017[**]
San Francisco, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and VANCE,[***] District Judge.

Appellant Mike Tsosie appeals the district court's judgment affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Commissioner of Social Security's denial of his application for disability benefits. Because the ALJ's opinion is supported by substantial evidence, we affirm.

The Commissioner's disability determination "may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which is "more than a mere scintilla, but may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012) (citation and quotation marks omitted). It is the ALJ's responsibility to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (citing 42 U.S.C. § 405(g)). If "the ALJ commits legal error, we uphold the decision where that error is harmless." *Id.* at 1099.

Tsosie first argues that the ALJ committed reversible error because her opinion does not adequately explain how Tsosie's obesity affects his residual functional capacity. But the ALJ's opinion did explicitly address obesity. The ALJ found that Tsosie's obesity was a severe impairment but concluded that there was no evidence that obesity, alone or in combination with other ailments, precluded him from performing light level work. This case is therefore distinguishable from *Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003), where the

15-17330

ALJ failed to either explicitly or implicitly determine the effect of obesity on the claimant's ability to work. *See id.* at 1182.

Moreover, the ALJ considered medical evidence from consulting physicians who took into account Tsosie's obesity in assessing his functional capacity. Notably, the ALJ recognized more limitations on Tsosie's residual functional capacity than suggested by the consulting physicians. The ALJ also provided germane reasons to discount the opinion of Tsosie's physician's assistant, which the ALJ concluded was unsupported by objective medical findings and inconsistent with treatment records. *See Molina*, 674 F.3d at 1111. Tsosie has not shown that the ALJ ignored any relevant evidence of obesity that could have affected his residual functional capacity determination. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). We therefore find that the ALJ gave legally sufficient consideration to Tsosie's obesity.

Tsosie also contests the ALJ's finding that he could return to his past relevant work. He argues that the occupational categories used by the ALJ are not sufficiently comparable to his past jobs. The ALJ heard testimony from a vocational expert, who identified the position of membership secretary for a non-profit organization as an appropriate comparator for Tsosie's past secretarial work. The ALJ inquired whether the membership secretary position was consistent with Tsosie's duties at his former secretarial job. The vocational expert explained that it

was difficult to find a clear match in the Dictionary of Occupational Titles (DOT) for Tsosie's past work because he did not perform a typical secretary job, but the expert concluded that Tsosie's limited duties were similar to those of a membership secretary.

Substantial evidence supports the ALJ's determination that Tsosie had the residual functional capacity to perform his past relevant work as a membership secretary as that job is generally performed. The membership secretary position in the DOT is similar to Tsosie's prior secretarial work. Tsosie was represented by counsel at the administrative hearing and did not question the vocational expert's use of the membership secretary category. The ALJ affirmatively developed the record regarding Tsosie's past employment and had sufficient basis to accept the expert's testimony that the membership secretary position was an adequate comparator for Tsosie's previous job.

We have found error at step four of the disability determination when the ALJ relies on a job description that "fails to comport with a claimant's noted limitations" without providing sufficient explanation. *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). But Tsosie did not argue before the ALJ, the district court or this Court that he lacks the skills or residual functional capacity to perform any specific aspect of the membership secretary job.

15-17330

Our decisions also recognize that an ALJ may not characterize the claimant's past job "according to the least demanding function." *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985). "Where an individual cannot perform any of his earlier jobs, but only one or more tasks associated with those jobs," he cannot return to his past relevant work. *Id.* at 1087; *see also Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001). Here, the ALJ found that Tsosie could not return to his past job as actually performed because he mentioned lifting up to 50 pounds. But the ALJ correctly concluded that Tsosie could return to his past work as *generally* performed. "Reconciling the generally performed test with the *Valencia* line of cases is difficult but not impossible," and we have upheld a finding that a claimant could perform his past job as generally performed when the claimant spent most of his time on tasks that he had the residual functional capacity to perform. *Stacy v. Colvin*, 825 F.3d 563, 570 (9th Cir. 2016). Tsosie testified at the hearing, and represents in his brief, that his job involved lifting less than 20 pounds. This lifting requirement is within his residual functional capacity. Tsosie does not suggest that his former secretarial occupation as generally performed requires lifting more than 20 pounds occasionally. He has not met his burden of showing that he can no longer perform his past relevant work. *See Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

**AFFIRMED.**

*Tsosie v. Berryhill*, No. 15-17330

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part.

I

I concur in the decision to the extent it holds that the Administrative Law Judge ("ALJ") did adequately explain how Tsosie's obesity affects his residual functional capacity.  I am unable, however, to join in its holding that the ALJ sufficiently justified her conclusion that Tsosie could return to his prior work.

II

Tsosie's prior job included only unskilled tasks, including moving documents and mail between buildings and lifting reams of paper.  These tasks are not a good match for the specialized, skilled, and sedentary job of "membership secretary" that the vocational expert selected from the Dictionary of Occupational Titles ("DOT").  "In order for an ALJ to accept vocational expert testimony that contradicts the [DOT], the record must contain 'persuasive evidence to support the deviation.'"  *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)).  There is no such evidence in this record.  Although there are some similarities between Tsosie's job and the membership secretary, the key dimensions on which they differ—the amount of lifting and movement required—are precisely what the parties have

contested in this litigation and are the reason the ALJ could not find that Tsosie could return to his past work as actually performed.

*Stacy v. Colvin*, 825 F.3d 563 (9th Cir. 2016), does not salvage the ALJ's determination. In *Stacy*, we observed that, under the "generally performed test," if a claimant "'cannot perform the excessive functional demands . . . actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy,'" then the claimant is not disabled. *Id.* at 569 (quoting SSR 82-61, 1982 WL 31887 (1982)). If the membership secretary job were a good match for Tsosie's actual prior work, *Stacy* would resolve the case: although he is unable to perform the 50-pound lifting "excessive functional demand," he could perform the other duties of the membership secretary job. Instead, however, the vocational expert picked a sedentary and skilled job from the DOT that is a poor match for Tsosie's actual work, added light work to that job description, and then opined that Tsosie could perform the invented job as generally performed without any additional evidence. The ALJ therefore lacked a basis in the DOT or any other evidence to establish how Tsosie's prior job was "generally performed," much less that Tsosie could have performed it.

Perhaps Tsosie could have performed the job of a membership secretary. But that is only relevant to step five of the disability determination analysis, at

2

which point the ALJ determines if the claimant "can perform *any* substantial gainful work in the national economy," not simply his own prior work. *Pinto*, 249 F.3d. at 844 (emphasis added). "[W]e are constrained to review the reasons the ALJ asserts," and "we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation marks omitted).

For the foregoing reasons, I would reverse the judgment of the district court and remand to the agency for the ALJ to determine, without the errors identified above, whether Tsosie could return to his past work or could perform any other substantial gainful work in the national economy.