NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA L. FARR,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>        Defendant-Appellee. | No.   14-35864<br><br>D.C. No. 3:13-cv-05430-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 30, 2017[**]

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Cynthia Farr appeals the district court's decision affirming the

Commissioner of Social Security's denial of Farr's application for social security

disability insurance benefits under Title II of the Social Security Act. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Farr contends the ALJ gave too much weight to treating physician Dr. Abbott's opinion. The ALJ properly assigned significant weight to Dr. Abbott's opinion because it was consistent with Farr's reported activities, treatment notes in the record, and the overall record. "By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527).

Farr contends that the ALJ gave too much weight to Dr. St. Louis's opinion in giving her opinion "some weight." The ALJ properly gave some weight to Dr. St. Louis because it was somewhat consistent with the objective testing. Contrary to Farr's contention, Dr. St. Louis explicitly accounted for her alleged level of pain and only partially credited Farr's statement of her limitations.

The ALJ identified several specific, clear and convincing reasons that are supported by substantial evidence for discounting Farr's credibility regarding the debilitating effects of her symptoms: (1) Farr's treatment was successful; (2) there were inconsistencies between Farr's complaints and her activities of daily living; and (3) Farr was laid off from her last job and she collected unemployment while applying for full-time jobs. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (holding that the claimant's positive response to treatment undermines

her reports regarding disabling nature of pain); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (listing among proper considerations for credibility assessment an engagement in activities of daily living that are inconsistent with the alleged symptoms); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008) (holding that a claimant who holds himself available for full-time work when receiving unemployment benefits undermines disability claim). Any error in the ALJ's additional reasons for undermining Farr's credibility was harmless because three other bases for discounting Farr's testimony adequately support the ALJ's credibility determination, and each finds ample support in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (concluding that, even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless).

The ALJ had a germane reason for not giving great weight to the lay witness David Farr because his testimony was inconsistent with the observations by medical doctors. The ALJ also rejected Mr. Farr's and Ms. West's statements because they were inconsistent with each other in their claims about Farr's limitations. Any error in rejecting their testimony was harmless because Mr. Farr's and Ms. West's statements were substantially similar to Farr's own testimony, which the ALJ properly found not fully credible. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ included in the residual functional capacity assessment all the limitations that were supported by, and consistent with, substantial record evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Farr contends that the ALJ erred in finding that she could perform her past work because she could not perform her previous work as she actually performed it. She also contends that she has no past work "as generally performed" because her jobs were composite jobs, which lack counterparts in the Dictionary of Occupational Titles. Farr does not meet her burden of showing that she could not perform her past jobs as she actually performed them with the standards set by the VE. Farr has not established that her past jobs were composite jobs and does not otherwise contend that she cannot perform her past jobs as generally performed, so she has failed to show that she cannot perform her past work as generally performed. *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016).

**AFFIRMED.**

14-35864