NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS M. SHULTES, Jr., | No. 16-36061 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00201-JLR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 3, 2018[**]

Before:     CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges

Douglas Shultes appeals the district court's decision affirming the

Commissioner of Social Security's denial of Shultes's application for

Supplemental Security Income under Title XVI of the Social Security Act. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

1. The Administrative Law Judge (ALJ) did not violate the law of the case doctrine by relying on Shultes's activities to discredit the opinions of Dr. Sandvik and Dr. Schimmel, as well as Shultes's testimony. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (applying law of the case doctrine to the court's review of Social Security Administration decisions). The ALJ reconsidered Shultes's activities based on new evidence from 2011 to 2015, subsequent to the first hearing, which included evidence of new social activities and work activities. *See id.* (explaining that the law of the case doctrine is discretionary and should not be applied when the evidence on remand is substantially different).

2. Nor did the ALJ err in weighing the records of examining mental health professionals. The ALJ gave specific and legitimate reasons supported by substantial evidence to reject Dr. Cunningham's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). First, the ALJ concluded that Shultes's activities, including caring for his grandmother and volunteering at a local automotive shop, were inconsistent with Dr. Cunningham's conclusion regarding limitations in maintaining appropriate behavior, performing routine tasks, exercising judgment, and tolerating normal work expectations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Second, the ALJ rejected Dr. Cunningham's opinion based on inconsistencies with later medical evidence

showing that Shultes had no complaints of hallucinations or other psychotic symptoms and largely normal mental status examinations. *See id.* at 1161. Any error in relying on additional reasons was harmless because the ALJ provided other specific and legitimate reasons to reject Dr. Cunningham's opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Similarly, the ALJ rejected Dr. Sandvik's opinion based on inconsistencies with Shultes's activities and inconsistencies with later medical records showing normal mental status examinations. *See Ghanim*, 763 F.3d at 1161-62. Any error in relying on additional reasons was harmless because the ALJ provided other specific and legitimate reasons to reject Dr. Sandvik's opinion. *See Molina*, 674 F.3d at 1115.

The ALJ gave "minimal weight" to Dr. Schimmel's opinion based on inconsistencies with Shultes's activities, showing an ability to perform simple work tasks and manage social interactions, and inconsistencies with treatment records showing normal mental status examinations. *See Ghanim*, 763 F.3d at 1161-62.

Finally, the ALJ provided specific and legitimate reasons to reject Dr. Griffin's opinion, including inconsistency with later medical evidence showing normal mental status examinations with no evidence of hallucinations or delusions, and inconsistency with Shultes's activities. *See id.* Any error in relying on

3                                                                    16-36061

additional reasons was harmless because the ALJ provided other specific and legitimate reasons to reject Dr. Griffin's opinion. *See Molina*, 674 F.3d at 1115.

3.     The ALJ did not err in weighing the examining mental health professionals' records, and Shultes's challenge to the ALJ giving significant weight to Dr. Postovoit's opinion is therefore inapposite. Further, the ALJ's residual functional capacity (RFC) was supported by substantial evidence and reasonably included limitations to simple, routine tasks, minimal supervisor contact, superficial coworker contact, and no public contact. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (upholding the ALJ's assessment of the RFC where the ALJ reasonably included all limitations supported by substantial evidence).

4.     Shultes summarizes treatment notes, observations, and diagnoses from several medical providers, including Ms. Jasso-Porter and Mr. Baxter, suggesting that the ALJ did not properly consider them. However, his arguments are conclusory and are therefore waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (explaining that a claimant waives an issue by failing to argue it "with any specificity" in their opening brief).

5.     The ALJ provided several clear and convincing reasons supported by substantial evidence to discredit Shultes's testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ rejected Shultes's testimony based on medical evidence showing improvement in his mental health symptoms with

treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (concluding that the claimant's improvement in response to conservative treatment undermined "reports regarding the disabling nature of his pain"). Second, the ALJ rejected Shultes's testimony regarding the severity of his symptoms based on lack of consistent treatment. *See Molina*, 674 F.3d at 1113. Substantial evidence supports the ALJ's conclusion that despite his homelessness, Shultes was able to get mental health care when he chose to. Third, the ALJ considered lack of supporting objective medical evidence as one factor in discrediting Shultes's testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Finally, the ALJ discredited Shultes's testimony based on inconsistencies in his daily activities. *See id.* at 680-81. Any error in relying on additional reasons was harmless because the ALJ provided several clear and convincing reasons for rejecting Shultes's testimony. *See Carmickle*, 533 F.3d at 1162. Shultes waived any additional contentions regarding the ALJ's credibility finding by failing to argue them with any specificity in his opening brief. *See id.* at 1161 n.2.

6. The ALJ provided germane reasons for rejecting the lay testimony of Ms. Shultes, namely inconsistency with the treatment records and with Shultes's activities. *See Molina*, 674 F.3d at 1114 ("[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness.").

16-36061

7.     Shultes's challenge to the ALJ's assessment of the RFC and step five findings merely repeats Shultes's earlier contentions of error regarding the medical evidence.  *See Stubbs-Danielson*, 539 F.3d at 1175-76 (explaining that the claimant fails to raise any fresh issue with regard to the RFC and step five by repeating earlier contentions of error).

**AFFIRMED.**