**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DONALD G. STACY,
                      *Plaintiff-Appellant*,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security
Administration,
                      *Defendant-Appellee.*

No. 13-36025

D.C. No.
3:11-cv-00655-AC

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna Brown, District Judge, Presiding

Argued and Submitted May 6, 2016
Portland, Oregon

Filed June 7, 2016

Before: A. Wallace Tashima, Richard C. Tallman,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Tallman

# SUMMARY[*]

### Social Security

The panel affirmed the district court's decision affirming the Commissioner of Social Security's denial of a claimant's application for disability insurance benefits under Title II of the Social Security Act.

The panel held that the law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case. The panel further held that neither doctrine barred the administrative law judge from reexamining claimant's ability to perform his past work at step four of the sequential evaluation process under the mandate in this case. The panel also held that the ALJ properly categorized claimant's past work, and the ALJ's step four findings were supported by substantial evidence because the claimant could perform his past work as it was generally performed in the national economy.

## COUNSEL

James S. Coon (argued), Swanson, Thomas, Coon & Newton, Portland, Oregon, for Plaintiff-Appellant.

Richard A. Morris (argued), Special Assistant United States Attorney; David Morado, Regional Chief Counsel; Social

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Security Administration Office of General Counsel, Seattle, Washington; S. Amanda Marshall, United States Attorney; Kelly A. Zusman, Assistant United States Attorney, Appellate Chief; United States Attorney's Office, Portland, Oregon; for Defendant-Appellee.

**OPINION**

TALLMAN, Circuit Judge:

Donald Stacy appeals the denial of his social security benefits, contending that the ALJ violated the law of the case doctrine and the rule of mandate by revisiting his ability to do his past work on remand. Stacy also argues the ALJ erred by characterizing his past work according to the least demanding aspect of his former job (as a stationary engineer supervisor). We have jurisdiction under 28 U.S.C. § 1291, and hold in this case of first impression that the law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case. But, in this case, we hold no violation of either doctrine occurred. We also hold that the ALJ properly categorized Stacy's past work and correctly found that he was still able to perform that work as it is generally performed in the national economy. We therefore affirm the judgment of the district court.

I

Stacy originally filed for social security benefits in July 2001. Since then, his case has been reviewed by two different administrative law judges, a magistrate judge, and two district judges. Stacy claims that his fatigue, gout, chest

pains, heart, and vision problems rendered him disabled as of June 30, 1994. Prior to that date, Stacy worked for seventeen years as a stationary engineer for the Oregon Department of Corrections, supervising other engineers operating the boiler room of the Oregon State Penitentiary in Salem.

Stacy's application has gone through a seemingly endless cycle of appeals and remands. After Stacy's application for benefits was denied initially and upon reconsideration, his first hearing in front of an ALJ occurred in September 2002. At that hearing, a Vocational Expert (VE) testified that Stacy was a "working supervisor" who performed heavy work, and therefore he could not perform his past relevant work as a "stationary engineer." The VE went on to testify that Stacy could perform medium work, including that of a dispatcher of maintenance services and supervisor of janitorial services. The ALJ agreed with the VE and found Stacy not disabled at step 5 because he retained the capacity to do other work in the national economy. The Appeals Council denied review, and Stacy sought relief in federal court.

By stipulation of the parties, the case was remanded. Magistrate Judge John Jelderks issued the following remand order which reopened the record:

> The ALJ will recontact Plaintiff's treating physicians regarding his visual acuity for the period at issue, and will further evaluate Plaintiff's subjective complaints. The ALJ will obtain additional evidence from medical and vocational experts, as needed. The ALJ will further evaluate and document Plaintiff's work activity after the alleged onset date. The ALJ will take any other actions necessary to

develop the record and issue a new decision.
Plaintiff will be afforded the opportunity to
submit additional evidence and argument.

On remand, a second hearing was held in front of the
same ALJ. No VE testified. After the hearing, the ALJ again
denied benefits, and Stacy again appealed. District Judge
Michael Mosman reversed, holding that the ALJ omitted
certain lifting restrictions from Stacy's Residual Functional
Capacity (RFC) determination, and that the VE's testimony
conflicted with information in the Dictionary of Occupational
Titles (DOT). Judge Mosman remanded the case for the
second time with instructions to "formulate a correct RFC,
further evaluate step five of the disability analysis, and
otherwise comply with [Judge Jelderks's] remand order."

On remand, a different ALJ held a third evidentiary
hearing where Stacy and a new VE testified. Stacy testified
that "probably 70 to 75 percent" of his work at the
Department of Corrections "was supervisory." The ALJ
seemed surprised by this information, noting "my estimation
of how quickly this can be resolved has just changed based on
the Claimant's testimony about his supervisory functions."
Based on this new evidence, the ALJ asked the VE if Stacy
could perform his past relevant work. The VE replied: "As
he performed the stationary engineer, no. As a stationary
engineer supervisor, yes." The ALJ then denied Stacy
benefits at step 4, holding that Stacy could perform his past
relevant work of "stationary engineer supervisor" as that job
is generally performed in the national economy.

Stacy again appealed. The case was assigned to District
Judge Anna Brown who held that the ALJ's step 4 finding
was correct and found that neither the law of the case doctrine

nor the rule of mandate were violated. The denial of benefits was affirmed. This timely third appeal followed.

## II

Stacy first argues that the ALJ violated both the law of the case doctrine and the rule of mandate in the third administrative hearing by reevaluating his ability to do his past relevant work. We disagree. As a matter of first impression, we hold that both the law of the case doctrine and the rule of mandate apply in the social security context. But we also hold that neither was violated in this case. We discuss each principle in turn.

## A

The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust. *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991). A district court's discretionary decision to apply the law of the case doctrine is reviewed for abuse of discretion. *Hall*, 697 F.3d at 1067.

Here, there were two prior step 4 findings by ALJs that Stacy could not perform his past work. Although these findings were never affirmed by the district court on review, this is typically the type of determination that should not be reconsidered under the law of the case doctrine.

But this is not the typical case. On remand, the second ALJ was surprised to hear new evidence that Stacy mostly performed supervisory tasks in his past job. This new testimony led a VE to conclude, for the first time, that Stacy could still perform the job of stationary engineer supervisor as that job is generally performed. The ALJ properly considered this new, highly probative testimony about Stacy's ability to perform his past work and made a new finding supported by that testimony. Given the new evidence on remand, the district court did not abuse its discretion in declining to apply the law of the case doctrine.

B

"The rule of mandate is similar to, but broader than, the law of the case doctrine." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). The rule provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it."[1] *Hall*, 697 F.3d at 1067. The district court may, however, "decide anything not foreclosed by the mandate." *Id.* But the district court commits "jurisdictional error" if it takes actions that contradict the mandate. *See id.* Whether an ALJ has obeyed the remand order of an appellate court is a question of law that we review de novo. *See Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

---

[1] We decline the Commissioner's invitation to fashion a special, more flexible rule of mandate doctrine specially tailored to social security cases. Because we find the traditional doctrine is flexible enough to accommodate the Commissioner's concerns while still preserving the integrity of the mandate, we apply traditional rule of mandate principles in this case as we would in any other case.

We have previously allowed district courts to reexamine any issue on remand that is not inconsistent with the mandate. *See Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995). To illustrate, in *Odima* we remanded with instructions to make specific findings concerning an employer's reasons for not promoting the plaintiff. *Id.* On remand, the district court did as we directed but also reevaluated and expanded upon the remedies available to the plaintiff. *Id.* We held the district court was free to revisit the issue of remedies on remand because "any issue not expressly or impliedly disposed of on appeal [is] available for consideration by the trial court on remand." *Id.* (quoting *Firth v. United States*, 554 F.2d 990, 993–94 (9th Cir. 1977)).

Given the expansive remand orders in this case, the ALJ did not violate the rule of mandate. Judge Mosman's remand order did not preclude the ALJ from taking new evidence relevant to the step 4 determination. While that order focused on step 5 of the process, it also held that the ALJ used an incorrect RFC, a determination that is made before reaching step 4 and which significantly affects the analysis at steps 4 and 5. *See* Evaluation of Disability in General, 20 C.F.R. § 404.1520(e)–(f) (2012). A correct RFC is necessary to understand the claimant's ability to function in the workplace and therefore his ability to return to past work. *Id.* By asking the ALJ to correct Stacy's RFC, Judge Mosman also impliedly instructed the ALJ to reconsider step 4 and determine whether someone with that corrected RFC could perform Stacy's past work.

Moreover, Judge Mosman's order incorporated Judge Jelderks's prior remand order. Judge Jelderks's order essentially remanded on an open record, directing the ALJ to start again at step 1 and "document Plaintiff's work activity

after the alleged onset date." That order also instructed the ALJ to "obtain additional evidence from . . . vocational experts, as needed." Although Judge Jelderks's order did not expressly authorize the ALJ to reinvestigate step 4, it did direct the ALJ to "take any other actions necessary to develop the record and issue a new decision."

Stacy argues that Judge Mosman's order was violated because it directed the ALJ to "further evaluate step five of the disability analysis," yet the ALJ did not reach step 5 on remand. We reject this argument because the remand order must be read holistically. Looking at the full text of Judge Mosman's order, combined with the court's opinion, it is clear that the mandate was not intended to restrict the ALJ to only engage in the step 5 analysis. Because Judge Mosman also ordered the ALJ to "formulate a correct RFC" and to "otherwise comply with [Judge Jelderks's] remand order," the ALJ would have violated the mandate by performing only a step 5 analysis.

The ALJ at the third hearing properly began by taking testimony. Because the ALJ was told to formulate a correct RFC, it was logical to ask Stacy to describe his past work, and she was surprised to learn that it was mostly supervisory. At that point she did something that the mandate neither required nor prevented her from doing—she revisited the categorization of Stacy's former job and his ability to perform it as it is performed in the national economy. The ALJ did not exceed her authority under Judge Mosman's broad remand order by doing so; therefore, the ALJ did not violate the rule of mandate.

III

Stacy next argues that the ALJ erred in classifying his former work based on the least demanding aspect of the job: supervising. We disagree. "We may overturn the ALJ's decision 'only if it is not supported by substantial evidence or if it is based on legal error.'" *Carillo-Yeras v. Astrue*, 671 F.3d 731, 734 (9th Cir. 2011) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)). The ALJ's decision correctly determined Stacy could perform the job of stationary engineer supervisor as that position is generally performed in the national economy.

At step four, a claimant has the burden to prove that he cannot perform his past relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). ALJs may use either the "actually performed test" or the "generally performed test" when evaluating a claimant's ability to perform past work. SSR 82-61, 1982 WL 31387 (1982). Social security rulings explain how to apply the "generally performed test":

> A former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers

throughout the economy, the claimant should be found to be "not disabled."

*Id.*

Thus, the "generally performed test" is designed for situations where a claimant's past job was especially demanding when compared with industry standards. *See, e.g.*, *Jack v. Colvin*, No. CV 14-08464 RAO, 2015 WL 5567748 (C.D. Cal. Sept. 22, 2015) (past work was properly categorized as "athletic director" at a sedentary level of exertion even though the claimant actually performed the job at a heavy level of exertion).

Regardless of which test is applied at step 4, the ALJ may not classify a past occupation "according to the least demanding function." *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1166 (9th Cir. 2008) (quoting *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985)). In *Carmickle*, only 20 percent of the claimant's duties as a construction supervisor involved supervision; the remainder of his time was spent performing manual labor. *Id.* We held that the ALJ erred in categorizing the claimant's job as "a purely supervisory position." *Id.* Similarly, in *Valencia*, the ALJ erred in classifying the claimant's prior work as a "tomato sorter" involving only light exertion because the claimant was actually an "agricultural laborer" who mostly performed other, medium exertion tasks. *Valencia*, 751 F.2d at 1086. And, in *Vertigan v. Halter*, the ALJ erred by categorizing the claimant's past work as a "cashier" when she was actually a "pharmacy clerk" and cashier work was only "a small part of her job." 260 F.3d 1044, 1051 (9th Cir. 2001). In all three cases "the least demanding aspect" of the claimant's past job

was something the claimant did less than half the time, and the ALJ erred in equating that one task with a full time job.

Here, the ALJ's determination that Stacy could perform his past work is supported by substantial evidence. All parties agree that Stacy cannot perform his past work as it was actually performed. There is substantial evidence, however, that Stacy can still perform his past work as it is generally performed in the national economy. Stacy argues this finding is erroneous because he was a working supervisor, and the VE testified at the first hearing that "most all" of the stationary engineer supervisor jobs in Oregon involve manual labor. Stacy argues that this testimony shows he cannot perform the job of stationary engineer supervisor as it is generally performed in Oregon.

Stacy is wrong on two accounts. First, Stacy misreads the transcript. The first VE said that most stationary engineer supervisors working for the State of Oregon are working supervisors. The VE did not say, as Stacy claims, that most of the supervisor positions in the state require manual work. Second, even if Stacy's interpretation of the transcript was correct, the relevant test is how the job is typically performed in the *national* economy, not how the job is performed in the *state* economy.

Stacy next argues that the ALJ erred in categorizing his past work according to its least demanding function, citing *Carmickle* and *Valencia*. Stacy agrees, however, that the ALJ could validly apply the "generally performed" test in this case. Reconciling the "generally performed" test with the *Valencia* line of cases is difficult but not impossible. We hold that *Valencia* and its progeny do not apply in cases such as this one where (1) the "least demanding function" is a task

that the claimant actually performed most of the time; and (2) the DOT defines the claimant's past job as requiring only that least demanding function.

In this case, the DOT classifies Stacy's past job as purely supervisory and he mostly performed supervisory tasks in that job. Per the DOT, a Stationary-Engineer Supervisor "supervises and coordinates the activities of Stationary Engineer[s]." *See* U.S. Dep't. of Labor, *Dictionary of Occupational Titles* at 950.131-014 (4th ed. rev. 1991). When Stacy performed that job, he engaged in supervisory duties 70–75 percent of the time. The fact that his employer also required him to occasionally do other, non-supervisory tasks does not change the fundamental nature of his work. This case is therefore distinguishable from *Carmickle*, *Valencia*, and *Vertigan*, where the claimants performed less-demanding tasks only occasionally. Here, Stacy spent the vast majority of his time supervising. We therefore hold that the ALJ did not categorize Stacy's past work according to its least demanding function but instead correctly applied the "generally performed" test.

IV

We affirm the judgment of the district court. In doing so, we hold that the law of the case doctrine and the rule of mandate apply with equal force in social security cases, but that neither doctrine barred the ALJ from reexamining Stacy's ability to perform his past work at step 4 under the mandate in this case. We also hold that the ALJ's step 4 findings are supported by substantial evidence because Stacy can perform his past work as it is generally performed in the national economy.

Each party shall bear its own costs on appeal.

**AFFIRMED.**