**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER J. SANCHEZ,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.    15-55481

D.C. No.
2:14-cv-01551-DOC-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted January 12, 2017[**]
Pasadena, California

Before:  KOZINSKI, McKEOWN, and WATFORD, Circuit Judges.

The administrative law judge (ALJ) found that Peter Sanchez worked as a

nursery salesperson (separate from his work as a forklift driver at the same

nursery) and that Sanchez's work at the nursery qualified as substantial gainful

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

activity. Because the record cannot support both findings simultaneously, we must vacate and remand for further proceedings.

If the ALJ correctly found that Sanchez's work as a salesperson was separate from his forklift-driving job, the record does not support the ALJ's further finding that the salesperson work alone constituted substantial gainful activity. Sanchez's earnings record shows that he earned a total of $7,388.26 from the nursery in 2000. At the administrative hearing, Sanchez testified that he worked at the nursery for "about six months" that year. That means his compensation from the nursery exceeded the rate of $700 per month, the presumptive floor for substantial gainful activity in 2000, if the entirety of his work at the nursery is taken into account. *See* 20 C.F.R. § 416.974(b)(2)(i) & Table 1. However, the record does not indicate how much of this compensation was attributable to Sanchez's job as a salesperson as opposed to his job as a forklift driver, because the duration of time he spent in each job is unknown. Without that information, we cannot determine whether Sanchez earned enough as a salesperson for this work to qualify as substantial gainful activity.

If, on the other hand, the ALJ correctly found that Sanchez's work at the nursery constituted substantial gainful activity, then all of Sanchez's compensation in 2000 would have to be attributable to one job at the nursery, not two. If Sanchez

had only one job at the nursery in 2000, the record does not support the ALJ's classification of that job as a salesperson, which is generally performed at a light level of exertion. *See* DICOT 272.357-022. Sanchez had more demanding duties at the nursery, including driving a forklift, which is generally performed at a medium level of exertion. *See* DICOT 921.683-050. The ALJ may not classify a job according to its least demanding function unless, among other things, the claimant actually performed the least demanding function most of the time. *Stacy v. Colvin*, 825 F.3d 563, 569–70 (9th Cir. 2016). The record does not indicate whether Sanchez's nursery work primarily involved sales duties or driving a forklift. Thus, if Sanchez had only one job at the nursery, the ALJ had no basis in the record to find that it was the salesperson job.

We cannot resolve this case on the ALJ's alternative finding that Sanchez has past relevant work experience as a security guard. The record includes Sanchez's earnings from various jobs as a security guard, but it does not indicate how long he held any of those positions. That information is necessary to determine whether any of those positions qualify as substantial gainful activity.

We vacate the district court's judgment and remand with instructions to remand the case to the agency to reassess the disability determination at step four of the sequential evaluation and, if necessary, step five.

Each party shall bear their own costs.

**VACATED and REMANDED.**