

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SADIE C. BURKETT, | No. 17-35180 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05168-JPD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted April 27, 2018**

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Sadie Burkett appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for supplemental security income under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Dr. Lewis's Opinion

The ALJ did not err in evaluating the opinion of examining psychologist Dr. Lewis. The ALJ assigned Dr. Lewis's opinion "significant weight" and explained that she incorporated the particulars of Dr. Lewis's opinion in Burkett's residual functional capacity ("RFC"). The ALJ also emphasized that Dr. Lewis concluded that Burkett's moderate limitations in responding to workplace pressures did not preclude her ability to work. Burkett has not demonstrated any conflict between the RFC and Dr. Lewis's opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Burkett's argument that the ALJ violated the law of the case doctrine by repeating the errors for which the district court reversed and remanded is not valid. Simply put, Burkett has invoked the incorrect doctrine. "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citation omitted). On the other hand, the rule of mandate provides any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing

it." *Id.* at 568 (citation and internal quotation marks omitted). Here, the district court remanded the previous ALJ's decision in part because the ALJ had not resolved the ambiguity in Dr. Lewis's opinion that Burkett had moderate limitations in certain functional areas, such as areas of interpersonal interaction, but nonetheless stated Burkett's psychological issues did not preclude her from working. On remand, the ALJ explicitly resolved this ambiguity in her explanation of how she included Dr. Lewis's opinion in the RFC: by limiting her to simple, routine tasks and circumscribing her social interactions. Therefore, the ALJ did not violate either the law of the case or the rule of mandate.

## II. Physician Assistant Marsh's Opinion

The ALJ did not err in assessing the opinion of Physician Assistant Marsh. Burkett argues that despite the ALJ assignment of significant weight to Ms. Marsh's opinion, the ALJ did not incorporate into the RFC Ms. Marsh's opinion that Burkett was unable to perform sedentary work and was limited in her ability to bend. However, Ms. Marsh opined that Burkett would be unable to perform sedentary work only if she did not receive treatment, and that with treatment, which she received, she was capable of light work. The ALJ also accounted for Ms. Marsh's bending limitation by limiting Burkett to only occasional stooping and crouching, which are two types of bending. *See* SSR 83-10, 1983 WL 31251, at *6

3                                                                    17-35180

(1983).

### III.    Nurse Practitioner Ha's Opinion

The ALJ properly included the limitations from Nurse Practitioner Ha's opinion in the RFC. Burkett asserts that the ALJ failed to include in her RFC Burkett's limitations regarding her ability to bend and sit, and that her medication affected her mobility. However, Ms. Ha concluded that Burkett could perform sedentary work despite her limited ability to sit, which is consistent with the RFC. As discussed above, the ALJ accounted for Burkett's limited ability to bend.

Lastly, regarding Ms. Ha's comment that Burkett's medication affected her mobility, Burkett did not state it caused any functional limitations beyond those she already listed; and Burkett has not shown any significant conflict between the RFC and Ms. Ha's opinion.

### IV.    Nurse Practitioner Nixon's Opinions

Burkett's argument that the ALJ did not provide any legitimate reason for discounting treating Nurse Practitioner Nixon's opinion concerning Burkett's mental functional limitations lacks merit. The ALJ cited the fact that Ms. Nixon's opinion was inconsistent with her own treatment notes indicating: (1) that Burkett's mental health symptoms responded well to medication, and (2) that Ms. Nixon had not performed any cognitive testing, which are germane reasons for

discounting Ms. Nixon's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ did not err by declining to discuss Ms. Nixon's May 2011 opinion. As the ALJ explained, the May 2011 opinion fell outside the disability period at issue: May 19, 2009 through April 30, 2011. An ALJ is not required to discuss evidence that is not significant or probative. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Evidence concerning Burkett's symptoms and limitations outside the alleged period of disability does not qualify as significant or probative. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

## V. Other Medical Opinion Evidence

Burkett has not shown that the ALJ erred "by failing to acknowledge that [Physician Assistant] Reiton's treatment note" that Burkett's medication interferes with her ability to drive "supports Burkett's testimony about the side effects of her medications." However, the ALJ included Burkett's inability to drive in her RFC. Thus, Burkett has not shown that the ALJ's RFC conflicted with her alleged limitations.

Burkett's contention that the "ALJ erred by failing to acknowledge that the

medical evidence from Dr. Little and Dr. Brichard supports Burkett's testimony about knee pain and her limited ability to stand, walk, and sit" also lacks merit. Burkett does not point to any functional limitations these doctors assessed that the ALJ did not incorporate into her RFC.

## VI.     Burkett's Testimony

The ALJ did not err by discounting Burkett's testimony. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting Burkett's claims. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ pointed to evidence showing that (1) Burkett exaggerated her symptoms, (2) her medications effectively treated her symptoms, (3) she received only conservative treatment, (4) her daily activities indicated her limitations were not as severe as she alleged, (5) she did not always comply with her prescribed treatment, and (6) the medical evidence did not support Burkett's allegations. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Although Burkett challenges the ALJ's reliance on objective medical evidence to question the version of her testimony, the ALJ permissibly considered

that evidence in addition to other factors when deciding to discount Burkett's testimony. *See Bray*, 554 F.3d at 1227 (explaining an ALJ may not reject a claimant's subjective complaints based *solely* on a lack of objective medical evidence).

The ALJ's rationale that Burkett exaggerated her symptoms is amply supported by evidence in the record. Burkett claims she reported two side effects from her medications—dizziness and urinary frequency—to Dr. Anuras and "was not sure why they were not recorded in her treatment record." Nevertheless, the ALJ was not required to believe Burkett's testimony on this point and offered a reasonable interpretation of the evidence based on the record. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Burkett contends that the ALJ erred by relying on her daily activities to discount her testimony. She claims that her activities are not inconsistent with her testimony, and that they are not transferable to full-time work skills. This argument lacks merit. While transferability of skills to a work setting is one way in which an ALJ may consider a claimant's daily activities, an ALJ may also discount claimant testimony where reported daily activities contradict the claimant's alleged extent of her limitations. *See Orn*, 495 F.3d at 639. The ALJ cited examples in the record illustrating inconsistencies between Burkett's testimony concerning the limiting

effects of her symptoms and her activities, such as comparing her testimony that she could only walk one block to other evidence indicating she "enjoyed good energy levels and was able to walk a lot and exercise."

Lastly, the ALJ properly relied upon Burkett's noncompliance with her prescribed treatment as a ground for discounting her testimony. Although Social Security Ruling 96-7, which was in effect at the time of the ALJ's decision, provides an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide," Burkett fails to provide any explanation for her treatment noncompliance.

### VII. Lay Witness Testimony

The ALJ did not err by discounting lay witness testimony from Burkett's half-brother, Patrick Morrow. The ALJ listed several reasons and gave specific examples for affording Mr. Morrow's statements less weight, including that (1) his testimony was inconsistent with the medical evidence, (2) the symptoms he alleged Burkett suffered from responded well to medication, and (3) that Burkett's daily activities contradicted Mr. Morrow's statements. While Burkett argues that the ALJ's analysis is not supported by substantial evidence, she again fails to argue

this issue with sufficient specificity. She does not explain how and which portions of the ALJ's analysis of Mr. Morrow's testimony the ALJ did not support with substantial evidence. *See Carmickle*, 533 F.3d at 1161 n.2. In addition, despite Burkett's assertion that Mr. Morrow's "observations are reasonably consistent with the medical evidence and with Burkett's testimony," the ALJ proffered a reasonable interpretation of Morrow's evidence. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

The ALJ did not err by declining to discuss testimony from Burkett's daughter, Maudie Olmstead. The ALJ acknowledged Ms. Olmstead's statement, but because it "address[ed] the claimant's functioning outside the period at issue," she declined to rely on it.  An ALJ is not required to discuss evidence that is not significant or probative, *see Howard*, 341 F.3d at 1012, and evidence relating to Burkett's symptoms and limitations outside the alleged period of disability does not qualify as significant or probative. Furthermore, any error in declining to rely on Ms. Olmstead's testimony was harmless. Ms. Olmstead's testimony described the same limitations as Burkett's own testimony.

## VIII.    RFC and Step Five Findings

Lastly, the ALJ did not err in formulating the RFC or making the required Step Five findings. Burkett's arguments turn upon her assertions of error

9                                          17-35180

concerning previous steps in the sequential evaluation. Because Burkett has not demonstrated that the ALJ erred earlier in the analysis, these arguments lack support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Additionally, the ALJ did not err by failing to include in the hypothetical to the vocational expert restrictions that Burkett's attorney added to the hypothetical when questioning the vocational expert. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989).

**AFFIRMED.**