NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM R. ST. CLAIR, | No. 17-35907 |
| Plaintiff-Appellant, | No. 16-cv-05841 TLF |
| v. | MEMORANDUM* |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted August 23, 2019**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

William St. Clair appeals the district court's judgment affirming the

Commissioner of Social Security's denial of St. Clair's application for

supplemental security income under Title XVI of the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ did not err by discounting St. Clair's testimony because the record contains evidence of malingering. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (adverse credibility finding need not be based on clear and convincing evidence where there is affirmative evidence that the claimant is malingering).

The ALJ did not err by discounting examining physician Dr. Chestnut's opinion on the basis that the limitations Dr. Chestnut opined would not last for at least twelve months. *See* 48 U.S.C. § 1382c(a)(3)(A).

The ALJ did not violate the law of the case doctrine in discounting the opinions of examining psychologist Dr. van Dam and examining physician Dr. Parker. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (the law of the case doctrine prevents a court from considering an issue that has already been decided). The prior remand did not require the acceptance of these opinions, only a better evaluation of them.

St. Clair has not identified any specific error in the ALJ's evaluation of the opinions of mental health counselor Wilson, examining physician Dr. Wheeler, or consulting physician Dr. Carsten that would impact St. Clair's Residual Functional Capacity ("RFC"). *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-

30 (9th Cir. 2003) (party must argue an issue "specifically and distinctly" to invoke this court's review).

Because the ALJ found that St. Clair was more limited than Drs. Clifford and Eather opined, the ALJ was not required to provide reasons for assigning only "some weight" to their opinions. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

The ALJ proffered germane reasons for discounting lay witness testimony from vocational counselor Schneider. *See Carmickle*, 533 F.3d at 1164 (ALJ may rely on inconsistencies between lay testimony and other evidence in the record to discount the testimony).

Even if the ALJ erred by discounting lay witness testimony from St. Clair's parents, Lee and Sandra St. Clair, because of their secondary gain interests, any error was harmless because St. Clair has not articulated any symptoms or limitations that the ALJ failed to include in the RFC from their testimony. *See Molina*, 674 F.3d at 1115.

Even if the ALJ erred by finding at Step Four that St. Clair was able to perform past relevant work as a floor waxer, any error was harmless because the ALJ made an alternative Step Five finding. *See id.*

St. Clair's assertion that the ALJ erred in formulating the hypothetical for the vocational expert by failing to include all of St. Clair's limitations fails because this argument stems from other alleged errors that we have rejected.

**AFFIRMED.**