**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARYANN CELEDON, | No. 17-16979 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00440-JLT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted September 9, 2019**

Before: LEAVY, TROTT, and SILVERMAN, Circuit Judges

Maryann Celedon appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income benefits under Titles II and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act.  At step four of the sequential evaluation process, the administrative law judge (ALJ) determined that Celedon could perform her past relevant work as a switchboard operator.  We have jurisdiction under 28 U.S.C. § 1291.  We review a district court's decision not to apply the law of the case doctrine for abuse of discretion and whether an ALJ has followed the remand order of the district court in compliance with the rule of mandate de novo, *Stacy v. Colvin*, 825 F.3d 563, 567-68 (9th Cir. 2016), and we affirm.

The district court did not abuse its discretion in declining to apply the law of the case doctrine.  The district court remanded the ALJ's initial decision because the record was not fully developed, and the ALJ on remand properly developed the record by eliciting additional vocational expert testimony and accepting additional medical evidence in order to clarify Celedon's residual functional capacity ("RFC").  *See id.* at 567 (stating that the law of the case doctrine should not be applied "when the evidence on remand is substantially different.").

The district court did not err in concluding that the ALJ did not violate the rule of mandate with respect to the ALJ's reformulation of Celedon's RFC because the district court's remand order did not preclude the ALJ from reformulating Celedon's RFC.  *See id.* at 568-69 (stating that an ALJ may "reexamine any issue on remand that is not foreclosed by the mandate.").

**AFFIRMED.**