**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY CORRAL, Plaintiff-Appellant, v. ANDREW M. SAUL, Commissioner of Social Security, Defendant-Appellee. | No. 19-35026 D.C. No. 1:18-cv-03004-FVS MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted March 3, 2020[**]
Seattle, Washington

Before: IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Jerry Corral appeals the Social Security Administration's final decision,

affirmed by the district court, denying him Disability Insurance Benefits because

he is not disabled. We have jurisdiction under 28 U.S.C. § 1291 and affirm the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court.

Corral argues the Administrative Law Judge ("ALJ") erred by improperly weighing the medical evidence. We reject this argument. The record in this case contains conflicting medical opinions about Corral's ability to work. It also contains considerable evidence of malingering. The ALJ gave specific, legitimate reasons for rejecting the challenged medical opinions, *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 692 (9th Cir. 2009), giving less weight to the opinions that are based on subjective symptom testimony rather than objective testing or that are otherwise inconsistent with credited medical evidence, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Corral also argues the ALJ violated the law-of-the-case and rule-of-mandate doctrines by not following the district court's prior remand order. We disagree. The ALJ did not re-decide any issues decided by the district court, *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000), and she did not take any actions that contradicted the district court's instructions on remand, *Stacy v. Colvin*, 825 F.3d 563, 567–68 (9th Cir. 2016).

**AFFIRMED.**