**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONSTAR MORTGAGE LLC,

    Plaintiff-counter-
    defendant-Appellant,

    v.

RIVER GLIDER AVENUE TRUST,

    Defendant-counter-claimant-
    Appellee,

    v.

SAHARA SUNRISE HOMEOWNERS
ASSOCIATION,

    Defendant-third-party-
    plaintiff-Appellee,

    v.

ALESSI & KOENIG LLC,

    Third-party-defendant.

No.   20-17271

D.C. No.
2:15-cv-01597-MMD-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted January 11, 2022[]
Pasadena, California

Before:  WALLACE, BOGGS, [***] FRIEDLAND, Circuit Judges.

Nationstar Mortgage LLC (Nationstar) appeals from the district court's summary judgment in favor of River Glider Avenue Trust (River Glider). We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* both a district court's order granting summary judgment and a district court's application of the rule of mandate. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1066 (9th Cir. 2012). For the following reasons, we vacate and remand to the district court to address Nationstar's excused tender and judicial estoppel arguments and, if the district court again holds that the foreclosure sale extinguished Nationstar's deed of trust, to address Nationstar's claims against Sahara Sunrise Homeowners Association (Sahara).

On remand from the Ninth Circuit, the district court held that the rule of mandate precluded it from considering Nationstar's new, post-remand excused tender and judicial estoppel arguments, declined to use its equitable powers under *Shadow Canyon* to set aside the foreclosure sale of property in which Nationstar had a deed of trust, and did not address Nationstar's alternative claims against Sahara.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

On appeal, Nationstar argues that the district court should have considered Nationstar's excused tender and judicial estoppel arguments on their merits, should have set aside the sale on equitable grounds under *Shadow Canyon*, and should have addressed Nationstar's alternative claims against Sahara.

First, Nationstar contends that the district court erred in holding that the rule of mandate precluded the court from considering its new excused tender and judicial estoppel arguments raised in post-remand supplemental briefing. The district court held that our prior decision in *Nationstar Mortgage LLC v. River Glider Avenue Trust*, No. 19-15760, barred consideration of any arguments not raised in the original, pre-remand briefing, and therefore precluded the district court from considering Nationstar's additional post-remand arguments that the foreclosure sale should be set aside. We vacate and remand to the district court to consider Nationstar's new excused tender and judicial estoppel arguments raised in post-remand supplemental briefing.

The rule of mandate "provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (citation and internal quotation marks omitted). "Violation of the rule of mandate is a jurisdictional error." *Hall*, 697 F.3d at 1067 (citation omitted). However, "the rule of mandate allows a [trial] court to decide anything not foreclosed by the mandate,"

3

and the district court is limited by our remand only "when the scope of the remand is clear." *Id.* (citations omitted).

In our prior decision, we narrowly held that the district court erred in granting summary judgment to Nationstar and setting aside the foreclosure sale for lack of notice and declined to consider any additional arguments because "the district court explicitly limited its summary judgment ruling to the notice issue." *Nationstar Mortg. LLC v. River Glider Ave. Tr.*, No. 19-15760, 812 F. App'x 524, 525 (9th Cir. 2020). The mandate stated: "[W]e remand to allow the district court to address the remaining issues for the first time." *Id.*

The district court erred in concluding that the rule of mandate precluded consideration of Nationstar's post-remand arguments because our decision "did not impose clear limits on the scope of the remand." *Hall*, 697 F.3d at 1067. The prior decision focused exclusively on the notice issue and did not address the remaining issues at all. *See id.* (stating that "when a court is confronted with issues that the remanding court never considered, the mandate requires respect for what the higher court decided, not for what it did *not* decide") (citation and internal quotation marks omitted). Accordingly, on remand, the district court should consider Nationstar's new arguments raised in supplemental briefing that the foreclosure sale should be set aside on the grounds of excused tender and judicial estoppel.

Second, Nationstar argues that the district court should have set aside or

reformed the sale of the property in which Nationstar had a deed of trust on equitable grounds under *Shadow Canyon* because Nationstar presented evidence of fraud, unfairness, or oppression in the sales process. On remand, the district court should consider Nationstar's excused tender and judicial estoppel arguments in determining whether to set aside or reform the foreclosure sale on equitable grounds.

Under Nevada law, "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105, 1110 (Nev. 2016). To set aside equitably the foreclosure sale, the party seeking to set aside the sale must show "(1) an unreasonably low sales price, and (2) fraud, unfairness, or oppression that affected the sale." *U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (citation omitted). "[W]here the inadequacy of the price is great, a court may grant relief on slight evidence of fraud, unfairness, or oppression." *Nationstar Mortg. LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643 (Nev. 2017). Courts are "required to analyze the totality of the circumstances when determining whether to set aside an HOA foreclosure sale on equitable grounds." *Res. Grp., LLC v. Nev. Ass'n Servs.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (citation omitted).

The district court applied the proper *Shadow Canyon* framework in holding

5

that Nationstar was not entitled to equitable relief. However, because the district court erroneously held that the rule of mandate precluded consideration of Nationstar's excused tender and judicial estoppel arguments, the district court did not consider these arguments in determining whether Nationstar presented "slight evidence of fraud, unfairness, or oppression" under *Shadow Canyon*, and thus did not "analyze the totality of the circumstances when determining whether to set aside [the] foreclosure sale on equitable grounds." *Res. Grp., LLC*, 437 P.3d at 160. The district court should consider these arguments in the first instance.

Third, Nationstar contends that the district court should have addressed its alternative claims against Sahara. We hold that if, after considering the excused tender and judicial estoppel arguments, the district court again holds that the foreclosure sale extinguished Nationstar's deed of trust, the district court should address Nationstar's claims against Sahara.

Nationstar's complaint included claims for damages against Sahara in the event the district court determined that the foreclosure sale extinguished Nationstar's deed of trust. In its original judgment, the district court dismissed Nationstar's claims against Sahara as moot because the district court ruled that the foreclosure sale was void. However, in its judgment following our remand in which the district court held that the foreclosure sale extinguished Nationstar's deed of trust, the district court did not address Nationstar's claims against Sahara. If the district court

6

again holds that the foreclosure sale extinguished Nationstar's deed of trust, the district court should address in the first instance Nationstar's claims against Sahara.

**VACATED AND REMANDED**.