NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM W. CHILDS,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN[*], Acting
Commissioner of Social Security,

        Defendant - Appellee.

No. 23-4144

D.C. No.
9:22-cv-00165-DLC

MEMORANDUM[**]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted December 6, 2024[***]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

---

[*]    Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

William Childs appeals a district court judgment affirming a decision of the Social Security Administration ("SSA") denying his application for disability insurance benefits, primarily arguing that the Administrative Law Judge ("ALJ") failed to heed the district court's remand order when determining Childs's residual functional capacity ("RFC"), and that the record does not support the ALJ's conclusion that Childs could perform full-time work despite his numerous medical treatments that need to occur during normal business hours. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court decision reviewing a determination of the SSA, *White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022), and "[w]hether an ALJ has obeyed the remand order of [the federal] court," *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016). "On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). Substantial evidence is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006).

1. The ALJ followed the district court's remand order. After finding that the ALJ did not evaluate Childs's medical treatment needs when determining Childs's RFC, the district court instructed the ALJ to "reconsider whether [Childs] can perform work found in the national economy on a regular and continuing basis,

2

based upon a hypothetical that incorporates all of [Childs's] impairments and limitations supported by the record." On remand, the ALJ received Childs's testimony about scheduling his appointments, assessed the evidence in the record of his medical treatments, and added a limitation to his RFC that "[t]he work needs to be performed at other than regular daytime office hours in order [to allow Childs] to attend to medical appointments during normal daytime office hours." The ALJ also asked the testifying vocational expert to explain how many jobs would be available for a person with Childs's limitations, including the inability to work normal business hours. The district court's remand order did not require that the ALJ make certain factual findings.

2. Substantial evidence supports the ALJ's determination that Childs can perform full-time jobs that exist in significant numbers in the national economy outside of normal business hours. The ALJ assessed Childs's testimony and the record regarding his treatment needs and determined that Childs could work shifts other than normal business hours, such as a 3 p.m. to 11 p.m. shift, and still have enough time to attend his medical appointments during normal business hours. While Childs argues that the ALJ was required to identify jobs entirely outside of normal business hours (8 a.m. to 5 p.m.), the record does not compel a finding that Childs needs to be available the entirety of each business day to attend medical appointments. Moreover, under substantial evidence review, we do not require

that the ALJ explicitly define normal business hours or make certain factual findings about Childs's precise weekly treatment schedule or frequency of appointments. The ALJ also properly relied on testimony from the vocational expert that 98,000 jobs existed that Childs could perform despite his limitations. *See Gutierrez v. Colvin*, 740 F.3d 519, 527–29 (9th Cir. 2014) (concluding 25,000 jobs nationally is significant). Childs does not challenge the vocational expert's qualifications.

**AFFIRMED.**