NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALIDA CHAVEZ,

       Plaintiff - Appellant,

  v.

LELAND DUDEK, Acting Commissioner
of Social Security,

       Defendant - Appellee.

No. 23-4374

D.C. No.
4:23-cv-05060-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted March 27, 2025
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Alida Chavez appeals from the district court's judgment affirming an

administrative law judge's ("ALJ's") denial of her applications for disability

insurance benefits and supplemental security income. "We review de novo the

district court's order affirming the ALJ's denial of social security benefits and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reverse only if the decision was not supported by substantial evidence or is based on legal error." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (citation omitted). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Regardless of the ALJ's malingering finding, the ALJ provided other "specific, clear and convincing reasons" for discounting Chavez's testimony about the severity of her symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citation omitted). The ALJ found that Chavez's subjective complaints, such as only being able to stand or walk for ten to fifteen minutes at a time and use her hands for ten minutes at a time, conflicted with the medical evidence and her activities of daily living.

2. Substantial evidence supports the ALJ's discounting of the medical opinions of Nurse Schultz, Dr. Weir, and Dr. Mansfield-Blair. *See Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). For Nurse Schultz and Dr. Weir, the ALJ reasonably determined that their medical opinions were not supported by their own physical examinations of Chavez and were inconsistent with the overall record. The ALJ also reasonably found Dr. Mansfield-Blair's opinion only "somewhat persuasive" for a number of reasons, including its inconsistency with

the overall record. Contrary to Chavez's contention, the ALJ did not improperly discount Dr. Mansfield-Blair's opinion based on "waxing and waning symptoms."

3. Substantial evidence supports the ALJ's finding at step four that Chavez's past relevant work at the produce plant was not a "composite job" of both agricultural produce sorter and industrial cleaner. *See* Social Security Ruling 82-61, 1982 WL 31387, at *2 (1982) ("[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the [Dictionary of Occupational Titles]."). Chavez testified that while she spent most of her time sorting produce, she spent an hour to an hour and a half each eight-hour workday cleaning fallen food items off the floor. Substantial evidence supports the ALJ's determination that these cleaning duties, which constituted less than twenty-five percent of Chavez's workday, did not amount to a composite job. *See Stacy v. Colvin*, 825 F.3d 563, 570 (9th Cir. 2016) (upholding the ALJ's classification of the applicant's past relevant work based on his supervisory duties, the least demanding aspect of his job, because he "engaged in supervisory duties 70-75 percent of the time" and "[t]he fact that his employer also required him to occasionally do other, non-supervisory tasks d[id] not change the fundamental nature of his work").

As such, the ALJ was permitted to apply the "generally performed" test, and substantial evidence supports the ALJ's finding that Chavez could perform her past

relevant work as an agricultural produce sorter as that job is generally performed in the national economy. *See id.* at 569 (discussing "generally performed" test).

**AFFIRMED**.