**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BROCK B. KEEFE, | No.    23-35384 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00107-CWD |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted April 17, 2025**

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Brock B. Keefe appeals pro se from the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review the district court's order

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming the ALJ's denial of social security benefits de novo and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citations omitted), *superseded on other grounds by regulation*, 20 C.F.R. § 404.1502(a). We affirm.

Because the facts are known to the parties, we repeat them only as necessary to explain our decision. Keefe contends that the administrative law judge erred by failing to consider his increasing reliance on pain medication for his alleged worsening medical conditions. But Keefe did not raise this contention in the district court. We decline to consider issues raised for the first time on appeal. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (holding that we adhere to "the general rule that the court will not consider an issue raised for the first time on appeal").

Keefe asserts that he is unable to perform his past work as an insurance agent because of his use of pain medication. This assertion is unsupported by the record. The Idaho regulations cited by Keefe are silent as to the use of prescription medication or drug testing. Furthermore, Keefe points to no record evidence that his use of pain medication would cause him to experience cognitive impairment, incompetence, or irresponsibility such that he would be precluded from working as an insurance agent. Accordingly, Keefe failed to meet his burden at step four of

2

the sequential evaluation. *See Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) ("At step four, a claimant has the burden to prove that he cannot perform his past relevant work.").

**AFFIRMED.**