NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IVY DARLENE JOHNSON,

        Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,[*]

        Defendant - Appellee.

No. 24-3006

D.C. No.
2:23-cv-01524-JAT

MEMORANDUM[**]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted May 15, 2025[***]
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

---

       [*]      Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Frank Bisignano, in his official capacity as the Commissioner of Social Security, is automatically substituted as Defendant-Appellee.

       [**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). We therefore deny as moot Appellant's request to have a certain individual appear on her behalf at oral argument. Dkt. No. 27.

An administrative law judge ("ALJ") denied Appellant Ivy Darlene Johnson's application for disability insurance benefits under Title II of the Social Security Act, and this denial became the Social Security Commissioner's final decision. The district court affirmed the denial, and Johnson appeals. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. "[W]e review de novo the district court's order upholding a decision of the Commissioner denying benefits to an applicant." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "The Commissioner's decision must be affirmed by us if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Id.* We affirm.

1. The ALJ did not err in reassessing Johnson's affective disorder from "severe" to "nonsevere." Contrary to Johnson's argument, our prior decision neither found nor directed the ALJ to find on remand that Johnson's condition was severe. *See Johnson v. Kijakazi*, No. 19-17359, 2022 WL 1553259 (9th Cir. May 17, 2022). In our prior decision, we found that the ALJ had erred in reassessing Johnson's condition because the ALJ "pointed to no new evidence that would justify its decision to reassess the severity of Johnson's mental symptoms." *Id.* at *1. But we explained that an ALJ could reassess the severity of a claimant's condition if there was "'new, highly probative' evidence." *Id.* (quoting *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016)). Nothing in our decision prevented the ALJ from properly

reassessing the severity of Johnson's condition on remand.

We also reject Johnson's argument that the new testimony from Dr. Brooks, a psychologist, was not "new, highly probative" evidence sufficient to overcome the prior "severe" determination. Dr. Brooks opined specifically on Johnson's affective disorder diagnosis and explained that it is "a temporary mild diagnosis that requires updating." He testified that "whatever limitations there [were when she was diagnosed in July 2013] would not last a year, they would only be for six months." Because there had been no updates since her diagnosis, Dr. Brooks testified that he "c[ouldn't] give *any* limitations." (emphasis added). Dr. Brooks also referenced other medical records supporting his opinion that Johnson's mental condition was mild, temporary, and did not warrant any limitations. Dr. Brooks's testimony was new, highly probative evidence that bore directly on the severity of Johnson's mental condition.

Johnson argues that it was improper for the ALJ to rely on Dr. Brooks's testimony because it was solely based on the lack of mental health treatment records. But that is not true. While Dr. Brooks noted the lack of mental health treatment records, his opinion was also based on the temporary and mild nature of Johnson's mental condition and other supporting medical records.

2. Johnson alternatively argues that, even if the ALJ properly determined that her mental condition was nonsevere, the ALJ erred by failing to include in

Johnson's residual functional capacity ("RFC") any limitations based on her mental condition.[1]  According to Johnson, had such limitations been properly included, the ALJ would have been compelled to find that she could not perform her past relevant work and was disabled.

The ALJ included no limitations related to Johnson's mental condition in her RFC because (1) the ALJ determined that, based on Dr. Brooks's testimony, any reported limitations "would not be valid after six months," (2) the ALJ discounted Johnson's symptom testimony related to her mental condition, and (3) the ALJ gave no weight to Dr. Salk's and Dr. Van Eerd's opinions, which reported limitations based on her mental condition.

As to the ALJ's first underlying determination, we see no error given our decision above that the ALJ properly credited Dr. Brooks's testimony.  As to the ALJ's remaining underlying determinations, Johnson provides no meaningful challenge.[2]  Instead, she argues that our prior decision *required* the ALJ to include in her RFC the limitations reported by Dr. Salk and Dr. Van Eerd, regardless of any

---

[1] RFC is defined as "the most [a claimant] can still do [in a work setting] despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).

[2] The district court rejected Johnson's arguments that the ALJ had improperly discounted her symptom testimony and Dr. Salk's and Dr. Van Eerd's opinions. Because Johnson fails to meaningfully challenge the district court's rejection of those arguments, she has forfeited them on appeal. *See Wolford v. Lopez*, 116 F.4th 959, 991 (9th Cir. 2024) (holding that a party forfeited an issue by failing to provide a meaningful challenge).

24-3006

new evidence.

In our prior decision, we held that the ALJ had erred in discounting Dr. Salk's and Dr. Van Eerd's opinions because there was no new evidence to justify the ALJ's decision to afford the opinions "little weight" when the ALJ had previously afforded the opinions "some weight." *Johnson*, 2022 WL 1553259, at *1. Given that error, we explained that the ALJ had improperly determined Johnson's RFC because "the ALJ did not incorporate . . . the limitations Dr. Van Eerd and Dr. Salk reported." *Id.* at *2. But our decision did not prohibit the ALJ from considering new evidence on remand and reassessing the limitations reported by Dr. Salk and Dr. Van Eerd in light of any new evidence. In other words, given the new evidence presented on remand, the ALJ was not required to include in Johnson's RFC the limitations reported by Dr. Salk and Dr. Van Eerd.

**AFFIRMED.**