**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY C. TOULOU, | No. 18-35294 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00057-RHW |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted March 5, 2020**

Before:  FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Larry C. Toulou appeals the district court's affirmance of the Commissioner

of Social Security's denial of his application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided clear and convincing reasons supported by substantial evidence for discounting the April 2015 opinion, and giving partial weight to the May 2015 opinion, of Dr. Moyer. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ properly discounted Dr. Moyer's opinions as to exertional and postural limitations because they were inconsistent with Toulou's own testimony concerning his physical limitations. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ may properly reject a treating physician's assessment of limitations that is inconsistent with the claimant's level of activity and own reports of limitations).

The ALJ did not fail to recognize the nature of Dr. Moyer's relationship with Toulou as a treating physician. The ALJ acknowledged the treating nature of the relationship, the duration, and addressed the supportability of the opinions by referencing the treatment records relevant to range of motion and strength in the left shoulder. As to Toulou's argument that the ALJ did not address Dr. Moyer's statement that Toulou was capable of low stress jobs, because stress aggravates pain, or Dr. Moyer's check box indicating 4 or more absences a month, the ALJ is not required to discuss every piece of evidence. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that an ALJ need not accept the opinion of any physician, including

a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings).

The ALJ's determination, based on the vocational expert's testimony, that Toulou could return to his past relevant work as a gaming monitor as generally performed was supported by substantial evidence. An ALJ may use either the "actually performed test" or "generally performed test" when evaluating a claimant's ability to perform past work. *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016). The vocational expert testified that Toulou could perform the job of gaming monitor both as actually performed and generally performed. The Dictionary of Occupational Titles description of the job contains no requirement that the employee make arrests or detain individuals and further supports the conclusion that Toulou could perform the job as generally performed. Toulou had the burden at step four of showing that he could no longer perform his past relevant work as generally performed, and he did not meet that burden. *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) ("At step four, claimants have the burden of showing that they can no longer perform their past relevant work.").

This matter does not merit remand under sentence six of 42 U.S.C. § 405(g) based on the later award of benefits, because the later award is not inconsistent and not material evidence in regard to the denial at issue here, which occurred nearly two years prior to the later award. The later award also included an onset date of

18-35294

February 2017, which is eighteen months after the ALJ's decision was issued in August 2015, and was based on subsequent medical evidence. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (a later award based on different medical evidence and a different time period was not inconsistent and did not require remand).

**AFFIRMED**.

18-35294