NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN J. MORIN, | No.    19-36007 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05983-MLP |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted December 10, 2020**
Seattle, Washington

Before:  McKEOWN, HUNSAKER, and BUMATAY, Circuit Judges.

Allen Joseph Morin appeals the district court's affirmance of the Social

Security Commissioner's denial of his application for Supplemental Security

Income.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review the district court's order *de novo* and reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). We may not, however, "reverse an ALJ's decision on account of a harmless error." *Id.*

The ALJ did not err in evaluating the medical opinion evidence. As an initial matter, a conflict between Morin's farming, childcare, and other activities, and the opinions of Dr. Wheeler in 2012, Dr. Weiss regarding Morin's severe and marked limitations, Ms. King, and state agency consultant Dr. Gollogly regarding Morin's capability to stay on task, serves as a specific and legitimate reason, as well as a germane reason, for discounting each of those opinions. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (conflict between a treating physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion); *Lewis v. Apfel*, 236 F.3d 503, 511–12 (9th Cir. 2001) (conflict is a germane reason for discounting other source testimony). Morin has not shown that the ALJ's interpretation of the evidence related to his activities was unreasonable or not supported by substantial evidence. Contrary to Morin's contentions, the ALJ was not required to give Morin an opportunity to explain potential inconsistencies in the record. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Inconsistencies between an opinion and the medical record, including mental status and other examinations, further support rejection of Dr. Wheeler's 2012 opinion, and the opinions of Dr. Weiss and Ms. King. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (incongruity between an opinion and medical records is a specific and legitimate reason for rejecting an opinion); *Lewis*, 236 F.3d at 511–12 (incongruity is a germane reason for discounting other source testimony). Because the ALJ properly discounted Dr. Wheeler's 2012 opinion and Dr. Weiss's opinion, the ALJ did not err in discounting the opinions of Dr. Mitchell and Dr. Harmon, which mirror the discounted opinions.

Morin also argues that the ALJ erred because he purportedly gave significant weight to Dr. Wheeler's 2016 opinion but failed to account for it in the residual functional capacity ("RFC") assessment, thereby, in effect, rejecting the opinion. However, even if the ALJ explained his decision regarding Dr. Wheeler's 2016 opinion with "less than ideal clarity," *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), Morin has not established that the RFC assessment—which includes complexity, stress, *and* interactivity limitations—does not adequately take into account the limitations Dr. Wheeler describes. In other words, Morin has not established that any error by the ALJ was not harmless. *See id.*

Additionally, the ALJ properly rejected the opinion of physician assistant Mr. Reiton because his statement that Morin was "unemployable" was conclusory

and unhelpful in assessing Morin's RFC. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Reiton's opinion also deserved little weight because he based it on Morin's flat affect and Morin's reported difficulties dealing with stressors in his life. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Morin also raises various challenges to the ALJ's evaluation of the opinions of state agency consultants. An ALJ is not required to articulate the legal standard applicable to the assessment of medical opinions, so the ALJ did not err in failing to specify the applicable legal standard. While the state agency consultants did not review evidence that post-dated their reports, Morin has not shown that this process resulted in any harmful error, especially as the ALJ had the opportunity to review the entire record. *Brown-Hunter*, 806 F.3d at 492. Morin likewise failed to show error regarding Dr. Koukol's alleged failure in his non-examining opinion to account for Morin's chronic pain syndrome. *Id.*

The ALJ provided clear and convincing reasons for discounting Morin's testimony regarding the extent of his limitations. *See Lingerfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). First, the ALJ properly weighed the medical evidence as one, but not the only, factor in resolving whether Morin's allegations of pain were supported by the record. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Contrary to Morin's contention, the ALJ did not simply recite the medical evidence in support of his RFC determination, but specified the testimony

4

he found not credible and then provided clear and convincing reasons for rejecting the testimony. *See Brown-Hunter*, 806 F.3d at 489. While we agree that Morin should not be chastised for any exercise of poor judgment in failing to seek rehabilitation, *see Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014), Morin has not established that the ALJ would have reached a different determination had the ALJ not found that Morin received "minimal mental health treatment." *See Brown-Hunter*, 806 F.3d at 492.[1]

Second, as discussed above, substantial evidence supports the ALJ's conclusion that Morin's activities were inconsistent with his claims. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict claimant's testimony or (2) meet the threshold for transferable work skills). Third, Morin's work as a commercial fisherman for several years after his aneurysm was a further clear and convincing reason to reject his testimony.

Finally, the ALJ properly stated germane reasons for rejecting the lay evidence proffered by Ms. Maloch and Mr. Cabeciras, namely, that the evidence is inconsistent with the rest of the evidence in the record, in particular Morin's

---

[1] Additionally, reliance on a January 2004 neuropsychological evaluation was harmless error because the ALJ also mentioned several other studies in concluding that Morin's results were "essentially within normal limits." *Brown-Hunter*, 806 F.3d at 492.

activities. *Lewis*, 236 F.3d at 511–12. The law of the case doctrine does not apply because the evidence before the current ALJ was substantially different, and more extensive, than that in front of the prior ALJ. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (the law of the case doctrine should not be applied "when the evidence on remand is substantially different").

Because the ALJ did not err in evaluating the medical evidence, Morin's testimony, or the lay evidence, the ALJ did not err in the RFC assessment.

**AFFIRMED**.