NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUGENE DAW, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> OFFICE OF NAVAJO AND HOPI INDIAN RELOCATION, an Administrative Agency of the United States, <br><br> Defendant-Appellee. | No. 20-17261 <br><br> D.C. No. 3:19-cv-08212-SMB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted October 20, 2021[**]
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and BERMAN,[***] District Judge.

Eugene Daw appeals from the district court's order granting summary

judgment in favor of the Office of Navajo and Hopi Indian Relocation ("ONHIR")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

and upholding the ONHIR's denial of Daw's application for relocation benefits under the Navajo-Hopi Land Settlement Act, 25 U.S.C. §§ 640d to 640d-31.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.  We review de novo the district court's summary judgment decision, and we must independently review the ONHIR's decision to determine if it was "arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." *Bedoni v. Navajo-Hopi Indian Relocation Comm'n*, 878 F.2d 1119, 1122 (9th Cir. 1989) (citing 5 U.S.C. § 706(2)(A), (E); other citation omitted).

The Navajo-Hopi Land Settlement Act partitioned certain land once jointly held by the Navajo Nation and the Hopi Tribe, allocating some of the area to the Navajo Nation (Navajo Partitioned Land or NPL) and other areas to the Hopi Tribe (Hopi Partitioned Land or HPL).  *See id.* at 1121–22.  Daw is entitled to benefits if he was a legal resident of HPL on December 22, 1974, and he maintained that residency until he became head of household.  *See* 25 C.F.R. §§ 700.147(a), 700.97(a), 700.69(c); *Bedoni*, 878 F.2d at 1122–23.  The ONHIR concluded that Daw is not entitled to benefits because Daw was not a resident of HPL when he became head of household, which Daw claims occurred in 1982.[1]  We discern no

---

[1] The government disputes that Daw became head of household in 1982, asserting it occurred later, if at all.  But we need not resolve this issue because we uphold the ONHIR's decision based on its finding that Daw did not reside on HPL

error.

1.    Daw contends that the ONHIR committed legal error by failing to recognize that, if he established that he previously lived on HPL, the burden shifted to the government to establish that his residence had changed.  However, "[t]he burden of proving residence and head of household status is on the applicant."  25 C.F.R. § 700.147(b).  Nothing in Daw's cited authority suggests that burden ever shifts to the government.

2.    Daw argues that the ONHIR's decision to deny him benefits based on its conclusion that he failed to establish residency on HPL at the time he became head of household is not supported by substantial evidence.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence."  *Nat'l Fam. Farm Coal. v. EPA*, 960 F.3d 1120, 1132–33 (9th Cir. 2020) (citation omitted).  It is a "fundamental principle that an agency, its experts, and its administrative law judges are better positioned to weigh conflicting evidence than a reviewing court."  *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

---

after the partition fence was erected in 1975, which prevents Daw from showing he was a resident of HPL when he asserts that he became head of household in 1982.

Daw asserts that he demonstrated residence on HPL under ONHIR policy recognizing residency based on the continuous use of HPL for traditional activities.[2] To establish residency under that policy, Daw had to show that he continuously used HPL for traditional Navajo activities before December 22, 1974, through when he became head of household.[3] Daw asserts that the record supports that he continuously grazed livestock and gathered wood on HPL during the relevant period.[4]

The ONHIR determined that Daw did not establish entitlement to benefits because it found that he ceased using HPL for traditional activities after the partition fence was erected in 1975, prior to when he claims he attained head of household status in 1982. Substantial evidence supports that determination.

First, it is unclear how frequently Daw gathered wood, and Daw cites to nothing in the record supporting his continuous use of HPL to gather wood. The

---

[2] Evidence in the record indicates that there were no dwellings on HPL during the relevant period, which adequately supports that Daw did not physically live on HPL when he became head of household.

[3] This policy of recognizing residency based on the "continuous use" of HPL for traditional activities is not codified in the federal regulations but instead comes from an independent hearing officer's decision in *In re Minnie Woodie*, No. 5124. *Begay v. ONHIR*, 305 F. Supp. 3d 1040, 1048 (D. Ariz. 2018).

[4] We do not consider any other traditional activities that the record may support because Daw stated "[n]o, that's all we do" when asked if he did "[a]nything else" besides gathering wood and grazing livestock. Evidence of other activities therefore contradicts that explicit testimony, thereby entitling the ONHIR to reject that Daw used HPL for any other activities. *See Nat'l Fam. Farm Coal.*, 960 F.3d at 1132–33; *Shaibi*, 883 F.3d at 1109.

ONHIR was entitled to resolve these ambiguities in the record against Daw. *See Cal. Pac. Bank v. Fed. Deposit Ins.*, 885 F.3d 560, 570 (9th Cir. 2018).

Second, while some testimony supports that Daw grazed livestock on HPL after erection of the partition fence, other evidence in the record contradicts that testimony. For example, testimony indicates that Hopi Rangers aggressively patrolled HPL from approximately 1980 to 1984 and that they impounded Navajo livestock grazing on HPL. Other testimony describes how sheep went under the partition fence onto HPL, and the record supports that Daw's father retrieved the sheep but did not allow members of Daw's family to retrieve them due to the Hopi Rangers. Substantial evidence therefore supports the ONHIR's finding that "the Hopi Rangers' enforcement of partition was active, regular, and threatening" such that "applicant and his family *could not* use the HPL" for traditional activities.

In short, there is ambiguous and conflicting evidence as to whether Daw continuously used HPL when he became head of household after erection of the partition fence. The ONHIR was entitled to resolve these ambiguities and conflicts against Daw.[5] *See Nat'l Fam. Farm Coal.*, 960 F.3d at 1133; *Shaibi*, 883 F.3d at 1109; *Cal. Pac. Bank*, 885 F.3d at 570.

_____

[5] Consequently, we do not decide whether the ONHIR erred in finding certain testimony not credible because the inconsistent evidence in the record amply supports its decision to deny benefits even assuming that all testimony supporting Daw's claim was credible. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

3. Finally, Daw asserts that the ONHIR's decision to grant benefits to Daw's sister and father indicates that it abused its discretion here. But those prior decisions did not bind the ONHIR here because its decision as to Daw was based on evidence it had not previously heard. *See Stacy v. Colvin*, 825 F.3d 563, 566–67 (9th Cir. 2016). Moreover, Daw has not overcome the presumption that the ONHIR acted lawfully because he has not shown that there was "no discernible rational basis for the agency's action" given that the record here supports its decision, as discussed above. *See Davis v. EPA*, 348 F.3d 772, 781 (9th Cir. 2003) (citation omitted).

**AFFIRMED.**