NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUSSELL STRICKLAND, | No. 21-16144 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01094-JDP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding

Submitted June 7, 2022**
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Russell Strickland appeals the district court's order affirming the Social

Security Commissioner's denial of his application for disability benefits and

supplemental security income under the Social Security Act. We review the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's decision de novo. We may set aside the Commissioner's denial of social security benefits only if the decision of the administrative law judge ("ALJ") "was not supported by substantial evidence . . . or if the ALJ applied the wrong legal standard." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.      At step four, the ALJ determined that Strickland can perform his past relevant work ("PRW") as generally performed and was therefore not disabled. This conclusion followed from two key factual findings. *First*, the ALJ determined that Strickland has the residual functional capacity ("RFC") "to perform light work," subject to certain further limitations, including no more than four hours of standing and six hours of sitting in an eight-hour day. *Second*, the ALJ determined that, given his RFC, Strickland can perform his PRW as a parts order and stock clerk as generally performed, as defined by the *Dictionary of Occupational Titles* ("*DOT*"), 1991 WL 672333.

2.      Substantial evidence supports the RFC determination. The ALJ did not err in characterizing Strickland's RFC as light, rather than sedentary. That determination was permissibly based on the testimony of a vocational expert ("VE") that Strickland was "not precluded" from performing "light" work that included a "sit-stand option" and the aforementioned limits on standing. *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000).

3.     Substantial evidence also supports the ALJ's conclusions that Strickland had PRW as a "parts order and stock clerk," and that Strickland can perform this PRW as generally performed in light of his RFC.

The ALJ's determination that Strickland had PRW as a "parts order and stock clerk" was substantially supported by the VE's testimony and the description of that occupation in the *DOT*, 1991 WL 672333. Both the *DOT* and the VE's testimony confirm that this PRW is performed at a light level throughout the national economy, *DOT*, 1991 WL 672333, and the ALJ was not required to credit the testimony of Strickland's retained expert over the testimony of the VE. That Strickland previously performed his job at a medium level is not determinative of whether he can perform his PRW as "generally performed" in the national economy. *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016).

**AFFIRMED.**