NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON S. REEVE,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-36018

D.C. No. 3:22-cv-05060-MLP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Argued and Submitted October 20, 2023
Portland, Oregon

Before:  GILMAN,** KOH, and SUNG, Circuit Judges.

Jason Reeve appeals the district court's decision affirming an Administrative

Law Judge's ("ALJ") denial on remand of his application for Social Security

Disability Insurance ("SSDI") benefits. Reeve applied for SSDI benefits in January

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2016, alleging disability as of March 25, 2015. In 2018, ALJ Gerald Hill found that Reeve had the severe impairment of degenerative lumbar spine disease, but found him not disabled and denied benefits. Reeve petitioned for judicial review, and the district court reversed and remanded Reeve's application for a new hearing before a different ALJ.

On remand, ALJ Malcolm Ross also denied benefits. Reeve again petitioned for review, but this time the district court affirmed. On appeal, Reeve contends that ALJ Ross improperly discounted Reeve's subjective symptom testimony, his wife's lay testimony, and Reeve's medical opinion evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

1.  ALJ Ross erred in discounting Reeve's subjective symptom testimony. If an ALJ first determines that "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged[,] . . . and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (internal quotation marks omitted). Here, ALJ Ross found that Reeve's medically determined impairments could reasonably be expected to produce some of his alleged symptoms, and ALJ Ross did not make a finding of malingering. ALJ Ross's

2

reasons for discounting Reeve's subjective symptom testimony were not clear and convincing.

First, ALJ Ross erred in relying on alleged inconsistencies regarding Reeve's pain and concentration, Reeve's ability to assist with household chores, and Reeve's work history. When reviewing ALJ Hill's decision, the district court concluded that Reeve's testimony on these issues was not inconsistent, and those conclusions are the law of the case. *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016) ("[T]he law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case.").

Second, ALJ Ross repeatedly mischaracterized the record when discussing Reeve's daily activities. For example, ALJ Ross stated that "[h]is wife reported that the claimant was able to pick her up on days when she was unable to walk," which was an inconsistency that purportedly undermined his pain and symptom testimony. Reeve's wife, Tricia Reeve, however, gave that statement in response to the question: "What was the disabled person able to do *before* his/her illnesses, injuries, or conditions that he/she can't do now?" (Emphasis added.). ALJ Ross also represented that, in September 2020, Reeve's wife had reported that "Reeve could spend up to two hours a day watering the garden." Tricia Reeve actually reported, however, the following: "Sometimes [Reeve] waters the garden. . . .

3

Watering the small garden will take him 2 hours. It takes the caretaker 15-20 min." In other words, Tricia Reeve provided an example to emphasize that it takes Reeve much longer to do a simple task due to his disability.

Because ALJ Ross recycled reasons already barred by the law of the case and repeatedly mischaracterized the record, his decision to discount Reeve's symptom testimony was not supported by substantial evidence. Further, looking "at the record as a whole," ALJ Ross's error was not harmless because it was not "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

2. Substantial evidence also does not support ALJ Ross's decision to discredit the lay testimony of Tricia Reeve, Reeve's wife. ALJ Ross summarily gave Tricia Reeve's statements "little weight for the same reasons as the claimant's." But because ALJ Ross did not have specific, clear, and convincing reasons for rejecting Reeve's symptom testimony, he could not reject Reeve's wife's lay testimony by relying on those same reasons. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("That the ALJ dismissed all the lay witness testimony solely because he found the claimant was not credible suggests he may have been under the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms. . . . If the

4

ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

3. Substantial evidence does not support ALJ Ross's decision to discount the opinion of Dr. Dennis Kim, Reeve's treating physician of several years.[1] "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012 (internal citation and quotation marks omitted). ALJ Ross discounted Dr. Kim's opinion because (1) it was "inconsistent with and unsupported by the overall record and the claimant's demonstrated functioning," (2) Dr. Kim "failed to recognize the primary deficiency in Dr. Liu's opinions: that the distribution of sensation loss could not be explained by the objective spinal evidence," and (3) Dr. Kim's opinion relied on Reeve's self-reports of back pain.

First, ALJ Ross's broad allegation that Dr. Kim's opinion was inconsistent does not satisfy the "specific and legitimate reason" standard. *See Garrison*, 759 F.3d at 1012–13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *see also id.* at 1012 ("An ALJ can satisfy

---

[1] Because Reeve filed his claim before March 27, 2017, the previous rules for evaluating medical opinions, as listed in 20 C.F.R. §§ 404.1527 & 416.927, apply. *See* 20 C.F.R. §§ 404.1520c, 404.1527, 416.920c, 416.927.

the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." (internal quotation marks omitted)).

Second, ALJ Ross's conclusion that Dr. Kim "failed to recognize the primary deficiency in Dr. Liu's opinions" regarding sensation loss is not a legitimate reason to discount Dr. Kim's opinion, because Dr. Kim was not reviewing Dr. Liu's opinion regarding sensation loss. Instead, Dr. Kim was asked whether he agreed with several functional limitations (none of which mentioned sensation loss) based on his own clinical observations and testing.

Third, because we conclude that ALJ Ross improperly discounted Reeve's subjective symptom testimony, ALJ Ross also erred by discounting Dr. Kim's opinion on that ground. Further, even assuming ALJ Ross properly discounted Reeve's subjective symptom testimony, ALJ Ross erred in rejecting wholesale Dr. Kim's opinion simply because it mentioned Reeve's self-reported pain. An ALJ may discount a treating provider's opinion if it is "based to a large extent on [a discredited] applicant's self-reports and not on clinical evidence," but "[w]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (internal quotation marks omitted). Dr. Kim's agreement with the February 2017 functional limitation assessment was

6

based on Dr. Kim's *own* clinical observations and review of the objective medical record, with only a brief mention of Reeve's frequent and severe back pain in response to a supplementary question asking about possible absenteeism.[2] Thus, even if ALJ Ross had properly discounted Reeve's subjective symptom testimony such that Dr. Kim's supplementary response regarding absenteeism could be set aside, ALJ Ross still erred in discounting Dr. Kim's agreement with the entire functional limitation assessment, which was not based primarily on Reeve's self-reports. ALJ Ross's error was not harmless, because Dr. Kim's functional limitation assessment, if credited, would have compelled a finding of disability according to the vocational expert's testimony.[3]

4. ALJ Ross's decision to assign little weight to the opinion of Dr. Beth Liu, who performed only a consultative examination on Reeve in May 2016, is supported by substantial evidence. ALJ Ross supported his conclusion with several reasons. Some of those reasons are improper or questionable. First, because we

---

[2] At oral argument, the government asserted that Dr. Kim's functional limitation assessment amounted to a cursory "check-box" opinion. ALJ Ross did not provide such a reason, so we do not consider it in our analysis. Even so, we have emphasized previously that even a "check-box" opinion by a treating physician does not stand alone and represents the experiences and observations of that physician over the course of the treatment relationship. *See Garrison*, 759 F.3d 1013–14 & n.17.

[3] Because substantial evidence does not support ALJ Ross's denial of benefits to Reeve on the issues elaborated here, and ALJ Ross's error was not harmless, we remand for a new hearing without reaching the additional issues raised by Reeve on appeal.

conclude that ALJ Ross improperly discredited Reeve's symptom testimony, ALJ Ross could not reject Dr. Liu's opinion for relying on Reeve's self-reports of his symptoms. Second, ALJ Ross's statement that Dr. Liu's opinion was "inconsistent with the longitudinal record," standing alone, borders on the type of "boilerplate language" that we have routinely rejected. *See Garrison*, 759 F.3d at 1012–13. Third, ALJ Ross's discounting of Dr. Liu's pinprick and range of motion testing based on Dr. Thompson's testimony that pinprick and range of motion tests are "subjective findings" appears to run counter to the Administration's own regulations. *See* 20 C.F.R. § 404.1529(c)(2) (listing "reduced joint motion, muscle spasm, sensory deficit or motor disruption" as examples of "objective medical evidence"). However, we have observed previously that even objective medical tests may be subject to manipulation. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005). We need not resolve whether ALJ Ross erred in describing Dr. Liu's testing methods as subjective because, even if we exclude all of the improper and questionable reasons, the remaining reasons adequately support the decision to discount Dr. Liu's opinion. *See Garrison*, 759 F.3d at 1012.

5. ALJ Ross's conclusions regarding the medical opinions of Dr. Michael Rogers and Dr. Robert Thompson were based on "specific and legitimate reasons that are supported by substantial evidence." *Id.*

6. ALJ Ross provided legitimate and germane reasons for affording little

8

weight to the opinion of Marsha Hiller, Reeve's physical therapist. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017).

7. Finally, Reeve failed to preserve his challenge to ALJ Ross's evaluation of the medical opinions of Drs. Louis Martin, Merry Alto, Howard Platter, and James Irwin on appeal, because Reeve did not first raise these challenges with the district court. *See Steam Press Holdings, Inc. v. Haw. Teamsters, Allied Workers Union, Loc. 996*, 302 F.3d 998, 1005 (9th Cir. 2002) ("[A]s a general rule courts of this circuit will not consider arguments on appeal that were not properly raised at the lower court level . . . ."). We therefore find no error regarding ALJ Ross's decision in these respects. Overall, however, his decision is not supported by substantial evidence.

**REVERSED AND REMANDED.**[4]

---

[4] Costs shall be assessed against the Commissioner.