NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUSTIN BEGAY,

        Plaintiff-Appellant,

  v.

OFFICE OF NAVAJO AND HOPI INDIAN
RELOCATION, an Administration Agency
of the United States,

        Defendant-Appellee.

No.  22-16502

D.C. No. 3:21-cv-08049-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted November 8, 2023
Phoenix, Arizona

Before:  HAWKINS and COLLINS, Circuit Judges, and S. MURPHY,** District
Judge.

    Appellant Justin Begay appeals the district court's grant of summary

judgment in favor of the Office of Navajo and Hopi Indian Relocation (ONHIR)

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

affirming the denial of his application for relocation benefits.

ONHIR denied Begay's application because it determined that he was not a resident of the Hopi Partitioned Land (HPL) when he achieved head of household status. *See* 25 C.F.R. § 700.69; § 700.147. Begay filed suit in the district court and the district court granted summary judgment affirming ONHIR's decision. We review the district court's grant of summary judgment de novo. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). And we review ONHIR's decision to determine if it was "arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." *Bedoni v. Navajo-Hopi Indian Relocation Comm'n*, 878 F.2d 1119, 1122 (9th Cir. 1989); *see also* 5 U.S.C. § 706(2)(A), (E). Begay raised three arguments on appeal. For the reasons below, we affirm the district court.

First, ONHIR's hearing officer applied the correct legal standard when he determined that Begay was not entitled to relocation benefits. To the extent that Begay contends that ONHIR was required to show that he had lost his earlier "domicile" prior to becoming a head of household, that contention fails because the burden of proving residency and head of household status lies with the applicant. *See* 25 C.F.R. § 700.147(b). Moreover, determining residency "requires an examination of a person's intent to reside combined with manifestations of that intent." 49 Fed. Reg. 22,277. Evaluating the manifestations of an applicant's

2

intent to reside, especially when the applicant claims to be temporarily away, necessarily requires examining an applicant's contacts with the partitioned land. Indeed, the hearing officer considered Begay's substantial and recurring contacts, but only as part of a broader analysis. The hearing officer also considered Begay's mailing address, schooling, place of work, and the fact Begay referred to Snowflake, Arizona—a location not within HPL—as "home." The hearing officer therefore considered "all relevant data" in evaluating Begay's "manifestations of intent" to remain on the HPL. *See* 49 Fed. Reg. 22,277−78.

Second, substantial evidence supported the hearing officer's findings. The hearing officer determined that the various witnesses' testimony about Begay's visits to the HPL lacked credibility because the accounts given by Begay's mother and sister conflicted with Begay's own testimony. The conflicting testimony provides a reasonable basis for the hearing officer's determination that the testimony is not credible. *See Nat'l Fam. Farm Coal. v. EPA*, 960 F.3d 1120, 1132–33 (9th Cir. 2020) (noting that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotation marks and citation omitted)); *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (explaining an agency and its officers are "better positioned to weigh conflicting evidence than a reviewing court"). What is more, the hearing officer noted that, even assuming that Begay's and his sister's

3

testimony about his visits was accurate, the record did not support a finding that Begay was a resident of the HPL because the visits were infrequent, of short duration, and social in nature and Begay's mailing address, schooling, place of work, and voter registration were not on the HPL. Substantial evidence therefore supports the hearing officer's findings. *See Kern Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) (explaining that the court "presum[es] the agency action to be valid" and must "affirm[] the agency action if a reasonable basis exists for its decision" (internal quotation marks and citation omitted)).

Last, although ONHIR approved the applications of Begay's mother and sister, it's decision to deny benefits to Begay was not arbitrary. First, the factual analysis required to determine residency for Begay's application differs significantly from that of his mother and sister, thus providing a reasonable basis for the differing determinations. *See id*. Second, the record before the hearing officer in Begay's case was not available when ONHIR evaluated his mother's and sister's applications—and ONHIR is entitled to render a decision based on the facts before it at the time of the decision. *See Stacy v. Colvin*, 825 F.3d 563, 566-67 (9th Cir. 2016) (explaining that an ALJ properly declined to follow prior decisions in light of newly available evidence). Third and finally, since the decision to deny benefits was supported by substantial evidence, the differing outcomes are not sufficient to overcome the presumption that the agency acted

4

lawfully.  *See Kern Cnty.*, 450 F.3d at 1076.

We therefore **AFFIRM** the decision of the district court upholding ONHIR's decision denying benefits.