NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA RAMIREZ,

        Plaintiff - Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-1891

D.C. No.
2:22-cv-01151-JAT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted November 6, 2024
Phoenix, Arizona

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

Ana Ramirez appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  As the parties are

familiar with the facts, we do not recount them here.  We reverse and remand.

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Ramirez argues that, in light of the district court's 2021 remand order, the law of the case doctrine and the rule of mandate prohibited the Administrative Law Judge ("ALJ") from finding that her residual functional capacity ("RFC") was less limited than previously found. In particular, Ramirez contends that, on remand from the district court, the ALJ could not increase her RFC from "sedentary work" to "light work."

"[T]he law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case." *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016). "A [lower] court's discretionary decision to apply the law of the case doctrine is reviewed for abuse of discretion." *Id.* at 567. For the rule of mandate, "[w]hether an ALJ has obeyed the remand order of an appellate court is a question of law that we review de novo." *Id.* at 568.

We conclude that the ALJ's finding on remand that Ramirez's RFC was less limited than previously decided violated the rule of mandate. The rule of mandate "provides that any '[lower] court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it.'" *Id.* (citation omitted).

Here, the district court remanded in part "for a new hearing to determine whether [Ramirez] is more limited than previously found." The remand order also

noted that "[r]ehearing would be helpful because additional limitations to [Ramirez's] RFC might stem from [the] providers' opinions," and that "[a]dditional limitations in [Ramirez's] RFC may warrant a finding of disability." And, the remand order noted that "even if [Ramirez's] RFC is not more limited upon rehearing, ambiguity remains regarding [Ramirez's] ability to perform the jobs identified by the ALJ." Thus, the remand order set a floor for Ramirez's RFC, foreclosing a finding that Ramirez was less limited.

As a remedy, Ramirez asks that this matter be remanded for a new hearing before the ALJ. Accordingly, we instruct the district court to remand to the ALJ for a new hearing.

**REVERSED AND REMANDED**.