NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIMBERLY MACKEY,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN,* Acting
Commissioner of Social Security,

Defendant - Appellee.

No. 23-3620

D.C. No.
1:21-cv-03099-LRS

MEMORANDUM**

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted December 6, 2024
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.
Dissent by Judge BERZON.

An administrative law judge denied Kimberly Mackey's claim for disability

benefits. A district court affirmed that decision, and Mackey appeals. We have

jurisdiction under 42 U.S.C. § 405(g), and we review the ALJ's factual findings for

---

* Carolyn W. Colvin is substituted as Acting Commissioner of the
Social Security Administration pursuant to Fed. R. App. P. 43(c).

** This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

substantial evidence and its decision for legal error. We affirm.

1. The ALJ found that Mackey can perform sedentary work with some limitations. Substantial evidence supports that finding. As the ALJ noted, Mackey performs a range of daily activities and has occasionally traveled long distances. The ALJ also reasonably interpreted Mackey's treatment notes as showing that her anxiety has improved with treatment, that her anxiety became manageable, and that her pain is not as debilitating as she claims. Finally, several doctors—including two examining physicians and multiple consultants who performed "the most comprehensive review" of Mackey's medical records—determined that Mackey could perform simple, work-like tasks.

To be sure, several doctors who examined or treated Mackey concluded that she could not work at all. And ALJs generally give greater weight to doctors who examine patients than those who merely review medical records. 20 C.F.R. § 404.1527(c). But when the medical evidence supports conflicting interpretations, the ALJ may reasonably decide which interpretation to adopt. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008). Here, two examining physicians and several reviewing physicians opined that Mackey could perform simple, work-like tasks. The ALJ deemed their opinions consistent with the record as a whole. Thus, the ALJ could reasonably credit their interpretations over the others. *See, e.g.,* *Tonapetyan v. Halter*, 242 F.3d 1144, 1148–49 (9th Cir. 2001) (noting an ALJ may

credit a reviewer's opinion that is supported by independent evidence over an examiner's opinion); *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (same).

2. The ALJ gave clear and convincing reasons to discount Mackey's testimony that her anxiety and fibromyalgia are completely debilitating. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). First, belying Mackey's claim of constant and disabling anxiety, treatment notes indicate that Mackey at times denied having anxiety and that her anxiety became manageable. Though Mackey argues that her anxiety waxes and wanes, the ALJ could reasonably conclude that, in general, her anxiety improved with treatment. That is a sound reason to conclude that Mackey's anxiety does not completely prevent her from working. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009); *Tommasetti*, 533 F.3d at 1039–40.

Second, contrary to Mackey's testimony that her pain limits her ability to walk, concentrate, see, speak, and think, Mackey's doctors repeatedly found no abnormality in her speech, concentration, eye contact, or mobility. Indeed, Mackey's range of motion, neurological functioning, and physical evaluations were almost uniformly benign, even on days when Mackey reported unusually severe pain. Though fibromyalgia patients often experience more pain than is reflected on objective medical tests, *Revels v. Berryhill*, 874 F.3d 648, 662–63 (9th Cir. 2017), the ALJ could reasonably conclude, based on the inconsistencies between Mackey's

testimony and the objective medical findings, that Mackey's symptoms are not as debilitating as she claims, *see Smartt v. Kijakazi*, 53 F.4th 489, 498–99 (9th Cir. 2022); *see also* SSR 12-2p, 77 Fed. Reg. 43,640, 43,642–43 (2012).

Third, Mackey successfully cares for her daughter, attends appointments, stays on top of household chores, has traveled for weeks at a time, and attended a large wedding without anxiety symptoms. The ALJ reasonably concluded that Mackey could not perform these activities if her symptoms were completely debilitating. *See Valentine*, 574 F.3d at 693.

Finally, the ALJ identified several inconsistencies in Mackey's testimony and noted that Mackey appeared to limit herself during physical evaluations, that Mackey declined treatments, and that one of Mackey's examining physicians questioned whether she exaggerated symptoms. These findings constitute additional reasons to discount Mackey's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1040.

3. Mackey's mother and siblings provided similar testimony as Mackey. For some of the same reasons discussed above—the testimony is inconsistent with Mackey's treatment notes, medical findings, and activities—the ALJ could reasonably discount the family's testimony. *See Valentine*, 574 F.3d at 694.

4. Mackey next claims the ALJ failed to adequately explain why he discounted portions of sixteen medical opinions that, in Mackey's view, indicate that

her symptoms are more limiting than the ALJ found. *See Garrison*, 759 F.3d at 1012. The ALJ provided several specific and legitimate reasons to discount each of these opinions.[1] Those reasons are different, or more fleshed out, than the reasoning the district court previously found insufficient. We have considered Mackey's many objections to the ALJ's reasoning, and we remain persuaded that the ALJ adequately explained the weight given to each opinion.

5. Finally, Mackey argues that, because the ALJ did not adequately explain why it discounted her testimony, her family's testimony, and portions of several medical opinions, the vocational expert's testimony lacks evidentiary value. *See DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991). But, as discussed above, Mackey's premise does not hold: the ALJ adequately explained why it discounted the challenged evidence.

**AFFIRMED.**

---

[1] We apply the specific-and-legitimate standard because Mackey's claims were filed before March 2017. *See Woods v. Kijakazi*, 32 F.4th 785, 789–90 (9th Cir. 2022).

*Mackey v. Colvin*, No. 23-3620
BERZON, J., dissenting:

When it comes to decisions issued by administrative law judges (ALJs), the quality of the judge's reasoning—not the length of the decision—is what matters. This is the fourth time an ALJ has reviewed and denied Kimberly Mackey's request for social security disability benefits. The latest ALJ decision is the longest to date but does not meaningfully improve on its since-reversed precursors. I would reverse and remand.

1. Substantial evidence does not support the ALJ's residual functional capacity determination.

a. The ALJ did not give sufficient weight to the opinions of Mackey's treating and examining providers. When an ALJ evaluates opinion evidence for disability claims filed before March 2017, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Even if a treating provider's opinion is controverted, it ordinarily is entitled to at least some weight. *Id.* The ALJ here assigned little to no weight to the opinions of *all* of Mackey's treating

1

providers and all but two of Mackey's examining providers.[1] He paid no attention to the length, frequency, nature, and extent of Mackey's treatment relationships. *See* 20 C.F.R. § 404.1527(c)(2)(i)-(ii). And his explanation for relying on reviewing consultants over treating and examining providers often fell short of the "specific and legitimate" standard. *Holohan*, 246 F.3d at 1202-03.

For example, the ALJ accused one of Mackey's treating psychiatrists, Dr. Nelson of providing "no" evidence or basis for parts of his opinion about Mackey's work-related limitations, baselessly questioning the doctor's credibility and comprehension of social security regulations. This conclusion ignores copious notes from Dr. Nelson and another treating provider, Cheryl May, who documented the waxing and waning of Mackey's anxiety in the first half of 2012. The ALJ also concluded that Dr. Nelson's opinion was inconsistent with evidence of Mackey's daily activities, but relied on evidence that a prior district court remand order had called into question. Further, the ALJ discounted the opinions of three treating providers—Jaimie Walker, Tyal Hughes, and LaRee Born—as unsupported, ignoring volumes of these providers' treatment notes in the record that documented Mackey's significant anxiety.

---

[1] Although the ALJ assigned "some weight" to two of Mackey's examining providers, he rejected portions of those opinions that were favorable to Mackey.

All Mackey's treating providers and most of her examining providers concluded that Mackey had significant limitations that would interfere with work. The ALJ's across-the-board rejection of these opinions does not hold up.

b. The ALJ violated the rule of mandate by rejecting Dr. Colby's two opinions. An ALJ may not disobey a district court's remand order. *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016). In this case, the district court reversed the third ALJ decision for inappropriately rejecting Dr. Colby's opinions on several grounds. The ALJ decision now on appeal repeats many of the same errors.

For one, the ALJ accuses Dr. Colby of failing to provide a "specific rationale" to explain his assessment that Mackey could not maintain normal work attendance, and discounts Dr. Colby's determination as "essentially a finding that the claimant cannot work, which is not a medical opinion, but a legal conclusion." But the district court previously held that this was "not a specific and legitimate reason for the ALJ to reject specific functional limitations by Dr. Colby in his *medical* opinion." For another, the ALJ states that Dr. Colby had a "limited understanding of the longitudinal record" and over-relied on Mackey's self-reports. But the district court's remand order precluded the ALJ from discounting Dr. Colby's report on this basis. Moreover, the ALJ questioned Dr. Colby's decision to credit Mackey's reports of hallucinations of ghosts and demons, even though the

3

district court had previously determined that the ALJ's skepticism on this point, and general suspicion about Mackey's symptom exaggeration, was unwarranted.

As the ALJ was not at liberty to reach conclusions that the district court previously rejected, he erred in sidelining Dr. Colby's opinions (and, by extension, the opinions of Drs. Burdge and Lewis, who reviewed Dr. Colby's assessments).

2. Because the ALJ erred in improperly rejecting several opinions from Mackey's treating and examining providers, step five of the sequential disability analysis was defective.

I respectfully dissent.